735 A.2d 87

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Darryl LUV, Appellant.**

Supreme Court of Pennsylvania.

Argued Oct. 21, 1998.

Decided July 22, 1999.

572

John R. Sobota, Assistant Public Defender, Basil G. Russin, Public Defender, for appellant.

Peter Paul Olszewski, Jr., D.A., Frank P. Barletta, Asst. D.A., for appellees.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO and NEWMAN, JJ.

## OPINION OF THE COURT

FLAHERTY, Chief Justice.

Following a bench trial, appellant Daryl Luv was convicted of possession of cocaine and possession with intent to deliver.[1] He was sentenced to five to ten years incarceration and fined thirty thousand dollars. The superior court affirmed without dissent. We granted allocatur to determine whether probable existed to stop and search Luv's vehicle without a warrant.

In the course of an ongoing investigation, the Wilkes–Barre police department requested and obtained a search warrant

---

1. 35 P.S. § 780–113(a)(16) and 35 P.S. § 780–113(a)(30), respectively.

for appellant's residence. Probable cause for the warrant was based upon surveillance, complaints from neighbors, and information from a confidential informant who had made a controlled buy from Luv at Luv's residence the day before the warrant was issued. This informant had worked with the Wilkes–Barre police in the past and been proven reliable.

On the day the warrant to search Luv's home was issued, Sergeant Coffay, acting on the informant's tip that Luv would be carrying a supplemental supply of drugs, was waiting with a team of Wilkes–Barre police officers for Luv to arrive at his residence. Meanwhile, the informant contacted the police department in order to inform Coffay that Luv had changed his plans and was now at his girlfriend's residence and would be transporting the drugs to a local nightclub for distribution. Captain Maguire contacted Coffay, who relocated to the girlfriend's address where he observed Luv's parked vehicle, and directed Coffay to obtain a new search warrant for Luv's car. As Maguire arrived on the scene, and before a new warrant was obtained, Luv and his girlfriend were observed leaving her residence and departing in Luv's car. Knowing it would take at least an hour to get a new warrant and faced with Luv's immediate departure enroute to the nightclub to sell the drugs, the officers stopped and searched Luv and his car. The search revealed a large quantity of cocaine under the driver's seat and Luv was arrested and charged.

Pretrial motions to suppress evidence and to disclose the confidential informant were denied. Following a bench trial, Luv was convicted and sentenced. In a memorandum opinion, Superior Court unanimously affirmed the trial court's decision and we granted allocatur to decide whether this warrantless search was proper. Appellant claims that the tip from the confidential informant was an insufficient ground upon which to base probable cause for the police to stop and search his vehicle and that a search warrant was required.

He claims that the testimony adduced at trial does not indicate that the informant possessed a sufficient basis of knowledge to give rise to the reasonable suspicion necessary for an investigatory stop, let alone the probable cause neces-

sary to effect an arrest. He cites an exchange in which a police officer testified that the informant never claimed to have observed any drugs in the car and could not recall whether the informant had spoken with appellant in person or on the phone. He also alleges that the informant was unreliable; however, he offers no evidence in support of this allegation. Nevertheless, he argues that the evidence resulting from this search should have been suppressed.

The standard when this court reviews a suppression motion is that we must first determine whether the factual findings are supported by the record, and then determine whether the inferences and legal conclusions drawn from those findings are reasonable. *Commonwealth v. Hall,* 549 Pa. 269, 701 A.2d 190 (1997). We may consider the evidence of the witnesses offered by the prosecution, as verdict winner, and only so much of the defense evidence that remains uncontradicted when read in the context of the record as a whole. *Id.* at 197. We are bound by facts supported by the record and may only reverse if the legal conclusions reached by the court below were erroneous. *Id.*

Forcible stops of vehicles by police constitute seizures and are subject to constitutional constraints including the necessity of probable cause. *Commonwealth v. Swanger,* 453 Pa. 107, 307 A.2d 875 (1973). "Probable cause exists where the facts and circumstances within the officers' knowledge are sufficient to warrant a person of reasonable caution in the belief that an offense has been or is being committed." *Commonwealth v. Gibson,* 536 Pa. 123, 638 A.2d 203, 206 (1994) (citing *Berger v. New York,* 388 U.S. 41, 87 S.Ct. 1873, 18 L.Ed.2d 1040 (1967)). With respect to probable cause, this court adopted a "totality of the circumstances" analysis in *Commonwealth v. Gray,* 509 Pa. 476, 503 A.2d 921, 926 (1985) (relying on *Illinois v. Gates,* 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983)). *See Commonwealth v. Edmunds,* 526 Pa. 374, 586 A.2d 887 (1991). "The totality of the circumstances test dictates that we consider all relevant facts, when deciding whether the warrantless arrest was justified by prob-

able cause." *In re O.A.,* 552 Pa. 666, 717 A.2d 490, 495 (1998) (citing *Commonwealth v. Evans,* 546 Pa. 417, 685 A.2d 535 (1996)).

▮ Finally, information received from confidential informants may properly form the basis of a probable cause determination. *Commonwealth v. Carlisle,* 517 Pa. 36, 534 A.2d 469 (1987) (citing *Gray, supra* ). A determination of probable cause based upon information received from a confidential informant depends upon the informant's reliability and basis of knowledge viewed in a common sense, non-technical manner. *Id.* at 472 (citing *Gray, supra* ). An informant's tip may constitute probable cause where police independently corroborate the tip, or where the informant has provided accurate information of criminal activity in the past, or where the informant himself participated in the criminal activity. *In re J.H.,* 424 Pa.Super. 224, 622 A.2d 351, 353 (1993). *See also Commonwealth v. Jones,* 542 Pa. 418, 668 A.2d 114 (1995).

While these principles appear to be straightforward, this court has had difficulty reaching a consensus on how they should be applied in circumstances similar to those presented by appellant. For example, in *In re O.A., supra,* we held that an informant's tip, without independent corroboration by police, was insufficient to establish probable cause. In that case, the police received a tip from a reliable confidential informant that two individuals were selling drugs from an abandoned garage. The informant told police that he had seen O.A. with drugs for sale in his possession and described him as a "tall, dark-skinned male in his late teens . . . wearing a long black windbreaker and shorts . . . accompanied by an Hispanic male. . . ." 717 A.2d at 493. The police arrived at the garage shortly after they received the tip, but did not observe any drug activity. When the police entered the garage, they observed eight males, mostly Hispanic, one of whom matched the description given by the informant and turned out to be O.A. The police searched this male and seized a quantity of marijuana. The police did not have a warrant to either search or arrest O.A. and were not involved in any investigation of

O.A. in particular when these events occurred; rather, they had responded to an unsubstantiated and uncorroborated tip.

In a plurality opinion, we held that this search was improper and reversed O.A.'s delinquency adjudication and remanded for further proceedings. *Id.* at 499. In the opinion announcing the judgment of the court, we wrote that "an assertion by a police officer as to an informant's reliability with no objective facts to substantiate his assertion is [in]sufficient to support a finding of probable cause." *Id.* at 496. Similarly, in *Commonwealth v. White,* 543 Pa. 45, 669 A.2d 896 (1995), we held a warrantless search of an automobile, in the absence of probable cause in conjunction with exigent circumstances, to be improper.

In *White,* police received anonymous tips that identified White and another man as drug dealers. A confidential informant confirmed the information and described the second man's car and their method of delivering drugs. The police conducted a controlled purchase of cocaine using the confidential informant, and identified White as the seller. Approximately a month later, the informant informed police that the second man told him that he would be selling cocaine that weekend and the drugs were being moved between his residence and White's. The informant also stated that he had seen a large amount of cocaine in the second man's house. Acting on this information, the police secured search warrants for the second man's residence, vehicle, and person, as well as for White's residence and person, but not his vehicle. In the course of the subsequent stakeout, White drove his vehicle into the area and an unidentified man entered the vehicle. Simultaneously, the second man arrived on the scene and drove by White's vehicle several times before departing. Police then stopped White's vehicle and searched it. Upon discovering a marijuana cigarette and a bag of cocaine, the police arrested White and his passenger.

The trial court suppressed the evidence on the grounds that White was not arrested until after the warrantless search, that there were no exigent circumstances to justify the warrantless search, and that the police had sufficient time to secure a

search warrant for the vehicle since they received the pertinent information at least thirty-six hours prior to the search. Superior Court reversed, holding that a warrant was not required both because probable cause existed to search the vehicle and the search fell within the "automobile exception" to the warrant requirement, and because the search was incident to an arrest. *White,* 669 A.2d at 899.

We reversed the superior court. In *White,* we stated the general rule that a warrant is required to search a vehicle with the following exceptions:

> (1) there is probable cause to believe that an automobile contains evidence of criminal activity; (2) unless the car is searched or impounded, the occupants of the automobile are likely to drive away and the contents of the automobile may never again be located by police; and (3) police have obtained this information in such a way that they could not have secured a warrant for the search, i.e., there are exigent circumstances.

*Id.* at 900. We held that the police had ample time to secure a search warrant for White's vehicle and that there were no unforeseen circumstances which, coupled with probable cause, would justify a warrantless search. We further held that, in the absence of exigent circumstances, searches incident to arrest are restricted to "the arrestee's person and the area within the arrestee's immediate control." *Id.* at 902.

In *Commonwealth v. Melendez,* 544 Pa. 323, 676 A.2d 226 (1996), police were waiting on the issuance of a warrant to search Melendez's home as a result of a three-week investigation into reputed drug activity at this location. As they were waiting, police at the scene observed her leaving her house and driving away. They stopped her, removed her from the car and searched her purse, where they discovered, among other things, a drug tally sales sheet. They escorted her back to her home and used her keys to enter the residence where they observed her co-defendant holding a bag of cocaine. Approximately an hour later, the warrant was issued and they searched the house, finding the evidence used to obtain the convictions.

In another plurality opinion, we held that, due to lack of probable cause, Melendez was improperly stopped and searched and that the subsequent entry into her home was improper. *Melendez*, 676 A.2d at 228. We noted that at the time she was stopped, there were no circumstances that would cause a person of reasonable caution to believe that she was involved in criminal conduct. *Id.*

Conversely, in *Commonwealth v. Rodriguez*, 526 Pa. 268, 585 A.2d 988 (1991), we affirmed the denial of a suppression motion in another case where police conducted a warrantless search of a vehicle based upon an informant's tip. In that case, police received information from informants that Rodriguez would be arriving to sell drugs in York, Pennsylvania, and a description of several vehicles that she might be driving. While carrying out their surveillance, police observed her husband and a car registered in her name with out-of-state license plates (but not one of the described vehicles) in the vicinity, but were told by the informants that the drugs had already been delivered to an address in a local trailer park.

About a week later, the police were again tipped off that the couple was returning to York. The police sighted Rodriguez's vehicle but did not see her or her husband. Several days later, the police received another tip. This time the same vehicle was spotted on an interstate highway, but police were unable to follow it or identify its occupants. The vehicle was seen again when police arrived forty-five minutes later at the trailer park residence. After another forty minutes, the couple was identified as they were seen driving away from the trailer park in the same vehicle. Police stopped the car and searched it, finding cocaine and a large amount of cash. The couple was arrested and a subsequent search turned up more drugs, paraphernalia, and a handgun.

Addressing the probable cause issue, this court stated that, "the veracity and basis of knowledge of those persons supplying ... information must be examined to determine whether there is a fair probability that ... evidence of a crime will be found in a particular place," and acknowledged the "diminished expectation of privacy" accorded to automobiles. *Rodri-*

*guez*, 585 A.2d at 990 (internal quotation marks omitted). The court unanimously agreed that the reliability of the informants was clear, but split as to whether exigent circumstances justified the search. *Id.* at 993 (Flaherty, J., dissenting). The majority held that the police had insufficient opportunity to secure a warrant because: (1) they did not know in which particular vehicle the couple would be travelling until they were actually spotted in York County; (2) the couple was in the habit of disposing of the drugs expeditiously; and (3) they did not know exactly where the couple would be going, thus they could not predict which magistrate would have had jurisdiction to issue a warrant. *Id.* at 990, 991.

Similarly, in *Commonwealth v. Milyak*, 508 Pa. 2, 493 A.2d 1346 (1985), we upheld the legitimacy of a warrantless search and seizure when the police, acting on eyewitness information, shone their flashlights through the windows of a van suspected to have been used in a burglary. After seeing the stolen goods in the back of the van, the police arrested the van's occupants and seized the evidence of the crime. Here, we reiterated that, to justify a warrantless search,

> "an officer must have independent probable cause to believe that a felony has been committed by the occupants of the vehicle, or that it has been used in the furtherance of the commission of a felony, or the officer must have a basis for believing that evidence of a crime is concealed within the vehicle, or that there are weapons therein which are accessible to the occupants."

*Milyak* at 1349 (citing *Commonwealth v. Lewis*, 442 Pa. 98, 275 A.2d 51 (1971)). That is, a warrantless search of a vehicle is permissible when probable cause related to the vehicle or its occupants exists. *Id.*

Finally, in *Commonwealth v. Baker*, 518 Pa. 145, 541 A.2d 1381 (1988), we again affirmed the admissibility of evidence discovered in a warrantless search of a vehicle subsequent to an informant's tip. In that case, a reliable informant, who knew Baker's full name, notified police that he had seen him waving a gun at someone in an alley and gave them a description of the gun, Baker's vehicle, and the cap he was

wearing. Although the police initially located Baker within minutes, they lost sight of him after a woman entered his car and the two drove away. When the police received a radio call informing them that Baker's car had been located again, they caught up with him and, after a short period of surveillance, approached the car and informed him that they were going to search his vehicle for the weapon. They found the gun and Baker was arrested.

We again relied upon "the presence of probable cause and exigent circumstances to excuse the need for obtaining a warrant," stating that "certain exigencies may render the obtaining of a warrant not reasonably practicable under [certain] circumstances, [justifying some] vehicle searches conducted without warrants . . . where probable cause was present." *Baker,* 541 A.2d at 1383. We noted, in *Baker,* that the police did not know well in advance where the criminal evidence would be located and could not have reasonably obtained a search warrant. *Id.*

The determining factors in all of these cases are the existence of probable cause and the presence of exigent circumstances. One without the other is insufficient to justify a warrantless search of a vehicle. First we must determine whether probable cause existed.

In this case, the informant had made a drug purchase from appellant on the day before the challenged search; he had participated in the criminal activity in question. The informant had provided reliable information to police in the past leading to the arrests of other drug dealers. Additionally, the police independently corroborated the new information when they arrived at Luv's girlfriend's residence and discovered that Luv was present just as the informant had said. Finally, given the totality of the circumstances, the police acted not only with a reasonable belief that a crime was being committed, but also with the actual knowledge that a crime had been committed; Luv had sold drugs to a police informant just one day earlier. The informant's participation in the

criminal activity is a sufficient basis to give rise to probable cause. Therefore, appellant's claim that the record demonstrates that the informant had an insufficient basis of knowledge to give rise to probable cause lacks merit. Furthermore, although the testifying officer could not recall specifically whether the informant had spoken with Luv in person or on the phone, he stated that the informant had told him that "he had some personal contact, either phone or in person." The police had probable cause for a search of Luv's vehicle.

 Having established that the police had probable cause, we turn to the question of whether a warrant was required to carry out the search or whether exigent circumstances negated that requirement. In this case, the police did not learn of Luv's plans until they were at his house waiting to execute the original warrant. While relocating to the girlfriend's house, they decided a new warrant should be obtained to search Luv's car. Before a new warrant could be obtained, however, Luv departed with his load of drugs en route to distribute them, according to what the informant had told police. The police had two choices: either stop the vehicle and search it without a warrant, or allow Luv to continue on his way, possibly resulting in the disappearance of the evidence, and in the introduction of a substantial amount of drugs to their community. There was no time to secure a new warrant. These are the exigent circumstances that justify the warrantless search of Luv's vehicle.

Moreover, the circumstances in the present case are distinguishable from those presented in the cases discussed previously in which we held searches to be improper. For example, unlike the police in the present case, the police in *O.A., supra*, were not involved in an ongoing investigation into O.A.'s activities, but were responding to an unsolicited tip. They also had no basis other than the unsubstantiated tip upon which to base a belief that a crime had been or was being committed. On the other hand, the police in the present case actually knew that Luv had committed a crime since their

informant had participated in a drug transaction the day before Luv's arrest. This not only gave police the requisite probable cause, but also is indicative of the informant's reliability. Finally, the police in *O.A.* never made any attempt to secure a warrant. In the present case, the police were acting upon a warrant when they received information regarding an unforeseen change in circumstances; they discussed securing a new warrant but were forced to react before a second warrant could be obtained.

By the same token, in *White, supra,* although the police had sufficient time to secure a warrant that included White's vehicle, they failed to do so. Any exigent circumstances that may have arisen were a direct result of this failure. The police knew that the drugs were transported back and forth between the two residences and reasonably should have foreseen that the use of White's vehicle was a possibility. In addition, the police in *White* were not responding to new time-critical information as were the police in the present case, and, additionally lacked probable cause to believe that a crime had been or was being committed. They were acting on a warrant that, due to their lack of foresight, was inadequate. Conversely, the police in the present case operated under the presumption that Luv conducted his drug deals primarily from his residence. Indeed, that is where their informant had made his purchase and that is the location for which they reasonably sought and obtained a search warrant. The relocation to the girlfriend's house was unforeseen, as was the subsequent departure enroute to the nightclub for distribution of the drugs. These events were not a result of police failure to obtain a warrant. The immediacy of these events did not afford the police time to obtain a new warrant. They needed to act at once or face the fact that they would probably never again locate the drugs, which would then be distributed in their community.

Again, unlike the police in *Melendez, supra,* who had insufficient reasonable belief that a crime had been, or was being,

committed, to give rise to probable cause, the police in the present case had actual knowledge of such a crime. Their informant had participated in a drug transaction. The *Melendez* police were not responding to any new information which would have led them to believe that drugs were in her car; they could have waited for her return and then executed their warrant. The police in the present case had just been informed that Luv was on his way to sell the drugs and they did not have time to secure a warrant. It would be unreasonable to require them to wait for Luv to return in the implausible hope that his intended drug sale would be unsuccessful.

The factual findings are supported by the record and there are no unreasonable inferences which have been drawn therefrom. The legal conclusions of the courts below were not erroneous. The police were acting upon time-critical information from a reliable source. They did not have time to secure a new warrant even though they had discussed doing so. They then were faced with a choice between a warrantless search and the loss of evidence with a new influx of drugs in their community. Viewed in the totality of the circumstances presented in this case, we agree with the superior court that the warrantless search of Luv's vehicle was proper.

The order of the superior court is affirmed.

Justice SAYLOR did not participate in the consideration or decision of this case.

Justice CASTILLE files a concurring opinion.

Justice ZAPPALA concurs in the result.

CASTILLE, Justice, concurring.

I concur in the result reached by the majority but write separately only to note my continued disagreement with this Court's decisions in *In re O.A.*, 552 Pa. 666, 717 A.2d 490 (1998), *Commonwealth v. White*, 543 Pa. 45, 669 A.2d 896

(1995), and *Commonwealth v. Melendez*, 544 Pa. 323, 676 A.2d 226 (1996), which are relied upon by the majority in disposing of this instant matter. In each of these three cases, this Court held that the warrantless searches of either the item or person in question was not justified by the circumstances. I dissented in each matter on the grounds that I believed that probable cause existed which would justify the warrantless searches.

I would further note my belief that the majority continues to construe too narrowly the automobile exception to the warrant requirements. In my dissent in *White*, I proposed the adoption of a bright line rule that would allow warrantless searches of all automobiles for which police have independent probable cause to believe that the occupants of the vehicle have committed a felony or that the vehicle has been used in furtherance of the commission of a felony, or where the police officer has reason to believe that evidence of a crime is concealed in the vehicle or that weapons accessible to the occupants are in the vehicle. *White*, 543 Pa. at 71, 669 A.2d at 909–10. I continue to urge the adoption of such a rule to prevent police officers from having to make a choice whether, on the one hand, to take the time to obtain a warrant and thereby risk flight of the automobile or, on the other hand, not to obtain a warrant and risk suppression of the evidence obtained in the search of the automobile.

We must remain mindful that the exclusionary rule was originally formulated as a method by which to deter police misconduct, not to prevent police conduct in its entirety.