J-S57044-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| TROY M. THOMAS | |
| Appellant | No. 2902 EDA 2014 |

Appeal from the Judgment of Sentence September 25, 2014
In the Court of Common Pleas of Bucks County
Criminal Division at No: CP-09-CR-0002034-2014

BEFORE:  MUNDY, OTT, and STABILE, JJ.

MEMORANDUM BY STABILE, J.                    **FILED DECEMBER 10, 2015**

Appellant, Troy M. Thomas, appeals from the judgment of sentence entered in the Court of Common Pleas of Bucks County (trial court) on September 25, 2014.  Upon review, we affirm.

On February 26, 2014, Appellant was charged with possession with intent to deliver heroin, possession with intent to deliver cocaine, persons not to possess firearms, use/possession of drug paraphernalia, possession of a controlled substance, possession of a small amount of marijuana, and receiving stolen property.[1]  On June 2, 2014, trial counsel filed a pretrial

---

[1] 35 P.S. § 780-113(a)(30), 35 P.S. § 780-113(a)(30), 18 Pa.C.S.A. § 6105(a), 35 P.S. § 780-113(a)(32), 35 P.S. § 780-113(a)(16), 35 P.S. § 780-113(a)(31)(i), and 18 Pa.C.S.A. § 3925(a), respectively.

omnibus motion seeking suppression of evidence. The trial court held a suppression hearing on June 16, 2014.

At the hearing, Appellant's counsel asked the trial court to conduct only a four corners analysis of the search warrants,[2] explaining that all other claims in the omnibus pre-trial motion were withdrawn. Counsel presented argument against a finding of probable cause for issuance of the warrant and offered case law in support of that position. In particular, counsel challenged, *inter alia*, the initial source of information, *i.e.*, an unnamed individual known to the affiants. Notes of Testimony (N.T.), 6/16/14, at 5-10. Counsel argued that the investigating officers should have set up surveillance rather than take "unreliable" evidence to a magistrate. *Id.* at 9. The Commonwealth countered Appellant's arguments, explaining that while the initial contact with police was made by an unnamed individual, the officers' investigation led to evidence corroborating the information provided by that individual. *Id.* at 10-12. The trial court agreed with the Commonwealth's position, announcing:

> I find there is probable cause. I agree that a person who is not named as a person who provides an [anonymous] tip is not sufficient probable cause. I also find that this individual who was identified was known to the police, is not technically anonymous and is more in the nature of a confidential informant. The

---

[2] Although Appellant refers to the instant search warrants and affidavits of probable cause in the singular, we acknowledge that there were separate affidavits of probable cause and search warrants issued for the vehicle Appellant was driving and for room 14 of the Radford Motel.

identity has not been revealed although the police certainly know who that person is.

The confidential informant and the individual that calls into a police department who is known to the police department has to be established to be reliable if the person is not identified, and in this particular case you can do that a number of different ways. You can do it through . . . corroboration, and I find there is more than sufficient corroboration with the initial information provided by that informant including a number of buyers who corroborate the location, the room, [Appellant as seller], that they were there to purchase drugs. They are independent of each other. [Appellant] was, in fact, present. [Appellant] was, in fact, connected through physical evidence to [the motel room], and he had drugs on him.

*Id.* at 13-14.

Following the suppression hearing, Appellant waived his right to a jury trial. A waiver trial was held during which the Commonwealth offered, without objection, an exhibit that included a lab report identifying the drugs and the weapon discovered in the safe in a Bensalem motel room as well as the record of an interview in which Appellant admitted he planned to sell the drugs located in the safe and that he owned the gun found there. *Id.* at 20-24. Appellant did not present any evidence.

The trial court found Appellant guilty of all charges. On September 25, 2014, Appellant was sentenced to consecutive terms of incarceration of two to four years on each count of possession with intent to deliver and five to ten years for persons not to possess firearms for an aggregate sentence of nine to eighteen years. Trial Court Opinion (T.C.O.), 2/18/15, at 1. Appellant timely appealed.

On appeal, Appellant raises one issue for our review:

Did the trial court err in failing to suppress the "fruits" of a search warrant which was conducted without consent, without probable cause, and in violation of the rights secured to him by the fourth and fourteenth amendments of the United States Constitution and the enhanced protections under article I, § 8 of the Pennsylvania Constitution?

Appellant's Brief at 4.

Initially we note "[o]ur review of a suppression court's ruling is limited. Where the record supports the suppression court's factual findings, we will reverse only if the court's legal conclusions based upon these facts are in error." *Commonwealth v. Coleman*, 830 A.2d 554, 560 (Pa. 2003) (citations omitted).

> The role of both the reviewing court and the appellate court is confined to determining whether there is substantial evidence in the record supporting the decision to issue the warrant. We must limit our inquiry to the information within the four corners of the affidavit submitted in support of probable cause when determining whether the warrant was issued upon probable cause.

*Commonwealth v. Burgos*, 64 A.3d 641, 656 (Pa. Super. 2013) (citations and internal quotations omitted). "[S]ince no factual question is involved in a four corners analysis of the sufficiency of a warrant affidavit, the issue is one of law as to which our review is plenary." *Coleman*, 830 A.2d at 560.

In its Pa.R.A.P. 1925(a) opinion, the trial court aptly summarized information contained in the affidavits of probable cause as follows:

> On February 26, 2014, Bensalem Township Police filed application[s] for search warrants for room 14 of the Radford Motel and the 1998 Buick bearing stolen license plate PA/ELA-5190 seized by police at the Radford Motel for evidence related

- 4 -

to the sale and distribution of controlled substances. After outlining the extensive training, background and experience of the affiants in conducting narcotics investigations, the probable cause affidavit set forth the following facts. The Radford Motel is located at 4000 Bristol Pike in Bensalem, Bucks County. On February 24, 2014, Sergeant Robert Bugsch of the Bensalem Police received a telephone call from an individual ("the caller") who was known to the Sergeant and who lives in the area of the Radford Motel. The caller advised the Sergeant that a black male staying in room 14 of the motel is selling drugs and has been doing so for weeks. The caller reported that there is constant traffic in and out of room 14 and that the caller found small glassine baggies containing residue in the street near room 14. The affiants asserted that the bags found are consistent with bags used to package cocaine and/or crack cocaine and that the activity described is consistent with drug traffic. On February 26, 2014, the affiants proceeded to the Radford Motel where they observed a vehicle parked near room 14. The vehicle was occupied by a male ("buyer number one") and a female ("buyer number two") who were identified by valid driver's licenses. Both buyers admitted that they were there to buy crack cocaine. Buyer number one told police that "Black" was staying in room 14 and that he had purchased crack cocaine from "Black" inside room 14 several times in the last week. He reported that ["Black"] was not in the room at that time but that "Black" had told him he was only five minutes away and would be there shortly. Buyer number one stated that "Black" drove a silver sedan. While the police were still on scene, [Appellant] arrived driving a silver sedan bearing a stolen license plate, placed in NCIC by Bristol Township Police that same date. Buyer number one and buyer number two identified [Appellant] as the person they were meeting to buy crack cocaine [from] and as the person from whom they had previously purchased drugs. During his encounter with police, [Appellant] received a text message on his smartphone from "Michelle Amy's homie" ("buyer number three") asking if she could "stop by." Shortly thereafter a third vehicle, containing two occupants, arrived. When the occupants observed police, they backed up and began to leave. When the vehicle stopped, police determined that buyer number three was one of the occupants. Buyer number three told police that she was going to room 14 to buy crack cocaine from "Black" and that she had been buying crack cocaine from "Black" for a few weeks. Buyer number three was found to be in possession of a tube that, in the expert opinion of the

affiants, is commonly used to smoke crack cocaine. [Appellant] was found to be in physical possession of six bags of heroin, two bags of marijuana, a key to room 14, $462.00 in cash bound in small black rubber bands commonly used, in the expert opinion of the affiants, to package heroin, a cell phone, and two keys for a safe commonly used by drug dealers, in the expert opinion of the affiants, to protect/conceal product and money. Once police determined that no one was inside room 14, the room was secured. The affidavits of probable cause utilized to support both warrants concluded that, in the expert opinion of the affiants, individuals involved in the sale of drugs to multiple buyers maintain possession of records, product, proceeds and other materials relating to the purchase and distribution of controlled substances.

T.C.O., 2/18/15, at 2-3.

Appellant argues that the search warrants issued for room 14 of the Radford Motel and for the vehicle that Appellant was driving were not based on probable cause and, therefore, the trial court should have suppressed the evidence found pursuant to those search warrants. Specifically, Appellant claims probable cause did not exist because:

(1) [there was] no corroboration of the ongoing drug trafficking by an unknown source; (2) [there was] no confirmation or even attempted corroboration whether or not the alleged paraphernalia existed in the streets; (3) the targeted room was registered to a black woman (not a man); (4) [police] relied on unsubstantiated "phantom" stolen car/registration; (5) [the warrants] contained inconsistencies in the targeted room between room 14 and 214; (6) the information occur[red] two days earlier; (7) [the affidavits of probable cause] lacked facts showing the timing of the initiation of the observations on February 26th; and (8) [police] omitted potential bias and favoritism of the unknown witnesses allegedly engaging in their own criminal activity.

Appellant's Brief at 15.

In its brief, the Commonwealth refutes these claims. The Commonwealth recounts that the police observations on February 26 – the date the search warrants were applied for and issued – corroborate the information that came from the confidential informant on February 24. Additionally, "police found at least three people, possibly four, who were at the Radford Motel to buy drugs at room 14. These individuals were all identified in the search warrants." Commonwealth Brief at 14. Further, two of these individuals identified Appellant as the person they had purchased drugs from earlier that day. Finally, the affidavits of probable cause acknowledged that at least one of the individuals had prior *crimen falsi* arrests. *Id.*

The Commonwealth acknowledges that the affidavits of probable cause reflect that room 14 at the Radford Motel was rented not to Appellant, but rather to a woman whose existence could not be confirmed. However, despite any alleged inconsistencies in the room numbers mentioned in the affidavits or the identity of the person associated with room 14, the confidential informant and the three identified individuals consistently referred to room 14, there were no other occupants in room 14, and Appellant was found in possession of the key to room 14. *Id.* at 14-15.

As noted above, if the record supports the court's factual findings, we will reverse its ruling only if the court's legal conclusions based on those facts are in error. Our review of the affidavits of probable cause leads us to conclude that the trial court's factual findings are supported by the record.

Therefore, we must consider whether the court committed an error of law in reaching legal conclusions based on those facts. Absent error, we must affirm.

In **Commonwealth v. Jones**, 988 A.2d 649 (Pa. 2010), our Supreme Court explained:

> Article I, Section 8 and the Fourth Amendment each require that search warrants be supported by probable cause. The linch-pin that has been developed to determine whether it is appropriate to issue a search warrant is the test of probable cause. Probable cause exists where the facts and circumstances within the affiant's knowledge and of which he has reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in the belief that a search should be conducted.
>
> In **Illinois v. Gates**, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), the United States Supreme Court established the "totality of the circumstances" test for determining whether a request for a search warrant under the Fourth Amendment is supported by probable cause. In **Commonwealth v. Gray**, 509 Pa. 476, 503 A.2d 921 (1986), this Court adopted the totality of the circumstances test for purposes of making and reviewing probable cause determinations under Article I, Section 8. In describing this test, we stated:
>
> > Pursuant to the "totality of the circumstances" test set forth by the United States Supreme Court in **Gates**, the task of an issuing authority is simply to make a practical, common-sense decision whether, given all of the circumstances set forth in the affidavit before him, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. . . . It is the duty of a court reviewing an issuing authority's probable cause determination to ensure that the magistrate had a substantial basis for concluding that probable cause existed. In so doing, the reviewing court must accord deference to the issuing authority's

- 8 -

probable cause determination, and must view the information offered to establish probable cause in a common-sense, non-technical manner.

* * *

[Further,] a reviewing court [is] not to conduct a *de novo* review of the issuing authority's probable cause determination, but [is] simply to determine whether or not there is substantial evidence in the record supporting the decision to issue the warrant.

*Id.* at 655-56 (some citations and quotations omitted). Additionally,

[I]nformation received from confidential informants may properly form the basis of a probable cause determination. A determination of probable cause based upon information received from a confidential informant depends upon the informant's reliability and basis of knowledge viewed in a common sense, non-technical manner. An informant's tip may constitute probable cause where police independently corroborate the tip, or where the informant has provided accurate information of criminal activity in the past, or where the informant himself participated in the criminal activity.

*Commonwealth v. Luv*, 735 A.2d 87, 90 (Pa. 1999) (internal citations

omitted).

Based on its review of the affidavits of probable cause, the trial court

concluded:

Contrary to [Appellant's] assertion, there was clearly probable cause to support the issuance of the search warrants for room 14 of the Radford Motel and for the vehicle that Appellant was driving. The information regarding traffic to and from room 14 was observed by police when they arrived at the motel. Three buyers who arrived at room 14 on that date confirmed all the details provided by the caller who initially reported drug activity, i.e. that a black male was dealing drugs for an extended period of time in room 14 of the Radford Motel. Buyers number one and three, who arrived separately, corroborated each other concerning the identity of the dealer and the controlled

substances being sold. Both indicated that they had made purchases of crack cocaine from "Black." [Appellant's] arrival and the items found on his person corroborated all of the information provided by the caller and the three buyers who spoke to the affiants at the scene. Buyer number one's statement that "Black" was expected and that he would be driving a silver sedan was confirmed by the arrival of [Appellant] in a silver Buick. Buyer number three texted her drug dealer, "Black." That text was received on [Appellant's] cell phone while he was speaking to police outside room 14. Buyers number one and two identified [Appellant] as "Black," the individual from whom they had been buying and planned to buy drugs from that day. When he arrived at the Radford Motel, [Appellant] had six bags of heroin, two bags of marijuana, $462.00 in cash bound in small black rubber bands commonly used, in the expert opinion of the affiants, to package heroin, a cell phone, a key to room 14, and two keys for a safe commonly used by drug dealers, in the expert opinion of the affiants, to protect/conceal product and money. This information clearly sets forth probable cause to believe that motel room 14 and [Appellant's] vehicle were actively being used to facilit[ate] drug transactions and that evidence of that activity would be found in those locations. Therefore, all of [the] items seized pursuant to those search warrants and all evidence obtained as a result of the seizure of those items were admissible at trial.

T.C.O., 2/18/15, at 4-5.

We find no error of law in the trial court's denial of Appellant's suppression motion. We agree with the trial court that, based on the four corners of the affidavits, there was probable cause to issue the warrants for room 14 of the Radford Motel and for the vehicle Appellant was driving. Finding no error of law in the trial court's conclusion, we affirm Appellant's judgment of sentence.

Judgement of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/10/2015</u>