J-A18003-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
TONY MCDONOUGH :
:
Appellant : No. 768 WDA 2019

Appeal from the Judgment of Sentence Entered March 19, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0004495-2017

BEFORE: BENDER, P.J.E., DUBOW, J., and NICHOLS, J.

MEMORANDUM BY BENDER, P.J.E.: FILED AUGUST 21, 2020

Appellant, Tony McDonough, appeals nunc pro tunc from the judgment

of sentence of 5 to 10 years' incarceration, followed by 5 years' probation,

imposed after a jury convicted him of possession of a firearm by a person

prohibited, 18 Pa.C.S. § 6105(a)(1); carrying a firearm without a license, 18

Pa.C.S. § 6106(a)(1); possessing a controlled substance, 35 P.S. § 780-

113(a)(16); and possessing drug paraphernalia, 35 P.S. § 780-113(a)(32).

Appellant solely challenges the court's denial of his pretrial motion to suppress

the firearm recovered during a warrantless search of his vehicle. We affirm.

The trial court summarized the pertinent facts and procedural history of

this case, as follows:

> [Appellant] was arrested and charged as set forth above
> after he was found in possession of a firearm and drugs by officers
> conducting a routine patrol who approached an illegally parked
> vehicle from which a passenger fled as they approached it.
> [Appellant], who was in the driver's seat, made movements within

the vehicle as they approached[,] which [led] the officers to have reasonable suspicion that he had possession of a firearm or contraband. The officers ordered [Appellant] from the vehicle and they then observed drugs in plain view. After [Appellant] was placed in custody[,] he was asked if there was anything else in the car[,] and [Appellant] informed the officers that there was a gun under the front seat. [Appellant] filed a [m]otion [t]o [s]uppress[,] alleging that there was neither reasonable suspicion or probable cause to order him from the vehicle and that he was not given any Miranda[1] warnings before being questioned by the officers.

At the suppression hearing on October 3, 2017[,] the Commonwealth called [City of Pittsburgh Police] Officer Jenny Monteleone[,] who testified that on February 8, 2017[,] she and her partner, Officer Messer, were on direct patrol in the Marshall-Shadeland area of … Pittsburgh. She testified that direct patrol is a patrol being done as a result of recent complaints of ongoing issues with narcotics and firearms in the area. At that time[,] they were patrolling in an unmarked vehicle in plain clothes. Officer Monteleone testified that although the vehicle is unmarked[,] it is used on a daily basis for patrol in that area and that individuals in the neighborhood are familiar with the vehicle. Officer Monteleone testified they were traveling on Fleming Avenue when they observed a vehicle to their left with two males in the vehicle[,] which was parked facing the wrong direction on Fleming Avenue. [Appellant] was sitting in the driver's seat and another individual was in the passenger seat as they drove by. As they passed the vehicle[,] the passenger appeared to recognize them as police and immediately exited and ran from the vehicle.[2] As the officers stopped and turned their vehicle to approach the parked vehicle[,]

---

[1] Miranda v. Arizona, 384 U.S. 436 (1966).

[2] We note that defense counsel objected to Officer Monteleone's testimony that the passenger appeared to recognize the officers. N.T. Hearing, 10/3/17, at 6. In response, the court did not explicitly sustain that objection, but impliedly did so by directing the officer to only testify about what she observed. Id. at 7. Nonetheless, the record supports the court's factual determination that Appellant's passenger appeared to recognize the car as a police vehicle, as Officer Monteleone testified that the unmarked police car she was driving that day is used regularly in patrolling that area, and the passenger fled upon seeing the car. We also note that Appellant does not raise any challenge to this factual finding by the court on appeal.

Officer Monteleone was able to observe [Appellant] making "shoving motions underneath his seat." Officer Messer pursed the passenger and Officer Monteleone approached [Appellant,] who was still seated in the vehicle. Although she could not see [Appellant]'s hands[,] she believed, based on her training and experience and the shoving motions that she had observed[,] that he may be armed. Officer Monteleone therefore drew her weapon and, while identifying herself as police and displaying her badge, ordered him to keep his hands on the steering wheel. She testified that [Appellant] kept his hands on the wheel and did not make any further movements until back up arrived and he was removed from the vehicle. When [Appellant] exited the vehicle[,] she observed a bundle of what appeared to be heroin in plain view on the driver's seat where [Appellant] had been sitting. [Appellant] was detained and patted down for weapons[,] at which time he informed the officers that he had a needle in his pocket. As [Appellant] was moved back towards the vehicle[,] Officer Messer asked [Appellant] if there was anything else in the vehicle and [Appellant] stated there was a gun under his seat[,] which was retrieved. On cross[-]examination[,] Officer Monteleone acknowledged that until the passenger fled the vehicle[,] they had not observed any criminal activity other than the illegally parked vehicle. However, she reiterated that[,] based on her training and experience[,] she believed that [Appellant's] shoving motions were either an attempt to conceal drugs[,] or [that] he may [have] be[en] reaching for a weapon. After consideration of the testimony, the [m]otion to [s]uppress was denied.

Trial Court Opinion (TCO), 12/11/19, at 2-4.

Appellant proceeded to a jury trial and was ultimately convicted of the above-stated offenses. On March 19, 2019, he was sentenced to the aggregate term set forth above. He did not file a timely appeal, but his right to appeal was subsequently reinstated after he filed a petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. Appellant then filed the present appeal, and he complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Herein, he states one issue for our review:

I. Did the trial court err in denying the motion to suppress the gun found under the driver's seat of the vehicle in which ... Appellant was seated[,] where the stop in the instant matter rose to the level of a custodial detention; the police lacked probable cause to conduct a warrantless search of the vehicle prior to interrogating ... Appellant without advising him of his Miranda rights; and the Commonwealth did not prove that the gun would have been inevitably discovered?

Appellant's Brief at 4 (unnecessary capitalization and emphasis omitted).

Preliminarily, we note our well-settled standard of review:

An appellate court's standard of review in addressing a challenge to the denial of a suppression motion is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are supported by the record, the appellate court is bound by those findings and may reverse only if the court's legal conclusions are erroneous. Where ... the appeal of the determination of the suppression court turns on allegations of legal error, the suppression court's legal conclusions are not binding on an appellate court, whose duty it is to determine if the suppression court properly applied the law to the facts. Thus, the conclusions of law of the courts below are subject to plenary review.

Commonwealth v. Jones, 121 A.3d 524, 526–27 (Pa. Super. 2015) (citation and brackets omitted).

In this case, Appellant contends that the gun found in his vehicle should have been suppressed, as it was discovered pursuant to a warrantless search that was not supported by probable cause. In support, he argues that he was under arrest and subjected to a custodial interrogation when Officer Messer asked him if there was anything in his vehicle. Because Appellant was not

- 4 -

provided with Miranda warnings, he insists that his incriminating response to the officer's question, in which he admitted that there was a gun under the driver's seat, was made in violation of his constitutional rights. Without his admission regarding the gun, Appellant maintains that the officers lacked probable cause to conduct the warrantless search of his vehicle. Appellant also argues that the gun would not have been inevitably discovered by lawful means, as the Commonwealth failed "to prove that the City of Pittsburgh had a uniformly-applied, reasonable policy regarding the towing of vehicles and inventory searches to insure that they are not applied in a discriminatory or arbitrary way." Appellant's Brief at 16-17. Accordingly, he concludes that the gun was discovered illegally, and the court should have suppressed that evidence.

Notably, the trial court determined that Appellant was under arrest at the time he made the at-issue admission about the gun being in his vehicle and, therefore, Miranda warnings should have been provided. See TCO at 4. We agree.

> In Miranda, the United States Supreme Court held that a confession given during custodial interrogation is presumptively involuntary, unless the accused is first advised of his right against self-incrimination. Miranda warnings are not required where the interrogation is not custodial. A person is in custody for the purposes of a custodial interrogation when he is physically deprived of his freedom in any significant way or is placed in a situation in which he reasonably believes that his freedom of action or movement is restricted by the interrogation. Police detentions become custodial when under the totality of the circumstances the conditions and/or duration of the detention

become so coercive as to become the functional equivalent of arrest.

> Among the factors the court utilizes in determining, under the totality of the circumstances, whether the detention became so coercive as to constitute the functional equivalent of arrest are: the basis for the detention; the location; whether the suspect was transported against his will; how far, and why; whether restraints were used; the show, threat or use of force; and the methods of investigation used to confirm or dispel suspicions.

Commonwealth v. DiStefano, 782 A.2d 574, 579–80 (Pa. Super. 2001) (cleaned up).

In the case sub judice, it is clear that Appellant was in custody when he told Officer Messer that there was a gun in his vehicle. At that point, Appellant had been held at gunpoint, removed from his vehicle, detained, and patted down. Therefore, Appellant was physically restrained to the extent that his freedom was unquestionably restricted at the point when Officer Messer questioned him about the contents of his vehicle. As such, we concur with the trial court that Miranda warnings should have been provided.

Nevertheless, the search of Appellant's vehicle was lawful. First, as the Commonwealth observes, "the fruit of the poisonous tree doctrine does not extend to physical evidence recovered due to Miranda violations." Commonwealth's Brief at 7 (quoting Commonwealth v. Jones, 193 A.3d 957, 965 (Pa. Super. 2018)). Thus, while Appellant's statement about the gun was suppressible based on the Miranda violation, the gun recovered from his vehicle was not suppressible solely because of that police error.

Moreover, we disagree with Appellant that, without his incriminating statement, the police lacked probable cause to conduct the warrantless search of his car. This Court has explained:

> [P]olice may search an automobile without a warrant so long as they have probable cause to do so, as an automobile search "does not require any exigency beyond the inherent mobility of a motor vehicle." Commonwealth v. Gary, ... 91 A.3d 102, 104 ([Pa.] 2014). Our Supreme Court has concluded that Article I, Section 8 of the Pennsylvania Constitution is co-extensive with the Fourth Amendment to the United States Constitution, which has long supported a warrant exception for automobile searches so long as probable cause to search exists. See id. at 108–13.
>
> With respect to probable cause to search, our Supreme Court instructs us that:
>
>> [P]robable cause exists where the facts and circumstances within the officers' knowledge are sufficient to warrant a person of reasonable caution in the belief that an offense has been or is being committed. With respect to probable cause, this [C]ourt adopted a "totality of the circumstances" analysis in Commonwealth v. Gray, ... 503 A.2d 921, 926 ([Pa.] 1985) (relying on Illinois v. Gates, 462 U.S. 213 ... (1983)). The totality of the circumstances test dictates that we consider all relevant facts, when deciding whether [the officer had] probable cause.

Commonwealth v. Harris, 176 A.3d 1009, 1022–23 (Pa. Super. 2017) (quoting Commonwealth v. Luv, 735 A.2d 87, 90 (Pa. 1999) (some citations and quotation marks omitted)).

In the present case, Officer Monteleone testified that Appellant's vehicle was parked illegally in an area where there had been recent complaints about narcotics and firearms. See N.T. Hearing at 3, 6. As the officers approached the car, the passenger in the vehicle ran, and Appellant was seen making "shoving motions underneath his seat." Id. at 7, 8. After Appellant was

- 7 -

removed from the vehicle, Officer Monteleone observed what appeared to be a bundle of heroin in plain view in the car. Id. at 9. The trial court found this testimony credible. See TCO at 5. Based thereon, we discern no legal error in the court's conclusion that Officer Monteleone had probable cause to believe that a crime was occurring. Therefore, the search of Appellant's vehicle was lawful, even without considering his illegally-obtained admission that a gun was in the car. Accordingly, the trial court did not err in denying Appellant's motion to suppress.[3]

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/21/2020

---

[3] Given this disposition, we need not address whether the gun would have been inevitably discovered by other lawful means.