**[J-51-2020] [MO: Donohue, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 30 EAP 2019 |
| | : | |
| Appellee | : | Appeal from the Judgment of |
| | : | Superior Court entered on March 5, |
| | : | 2019 at No. 3246 EDA 2017 |
| v. | : | affirming the Judgment of Sentence |
| | : | entered on September 12, 2017 in |
| | : | the Court of Common Pleas, |
| KEITH ALEXANDER, | : | Philadelphia County, Criminal |
| | : | Division at No. CP-51-CR-0005971- |
| Appellant | : | 2016. |
| | : | |
| | : | SUBMITTED: April 28, 2020 |

## CONCURRING OPINION

**JUSTICE BAER**                                                       **DECIDED: December 22, 2020**

I join the majority opinion in full. Consistent with my dissenting posture in *Commonwealth v. Gary*, 91 A.3d 102 (Pa. 2014) (Opinion Announcing the Judgment of the Court), I agree with the majority that this Court's adoption of the federal automobile exception to the warrant requirement is inconsistent with Article I, Section 8 of the Pennsylvania Constitution, which, under the circumstances presented, affords greater protection to our citizens than its federal counterpart. I write separately only to reconcile my support of the majority's rejection of *Gary* with my fervent belief in the adherence to *stare decisis*.

*Stare decisis*, along with the stability in jurisprudence that the doctrine promotes, is the foundation of our common-law system. To ensure certainty in the law, the doctrine of *stare decisis* provides that "a conclusion reached in one case should be applied to those which follow, if the facts are substantially the same, even though the parties may

be different." *In re Roca*, 173 A.3d 1176, 1187 (Pa. 2017) (citation omitted). This remains true regardless of changes in the composition of the Court.

Notwithstanding, as cogently explained by the majority, *stare decisis* does not compel adherence to this Court's decision in *Gary* as *Gary* itself did not comport with precedent. *Compare Gary*, 91 A.3d at 104 (holding that police officers may conduct a warrantless search of a motor vehicle in Pennsylvania when there is probable cause to do so, with no exigency required beyond the inherent mobility of a motor vehicle) with *Commonwealth v. Luv*, 735 A.2d 87, 93 (Pa. 1999) (interpreting this Court's jurisprudence as establishing both probable cause and the presence of exigent circumstances as the two "determining factors" justifying a warrantless search of a vehicle); and *Commonwealth v. Hernandez*, 935 A.2d 1275, 1280 (Pa. 2007) (citation omitted) (holding that "[w]arrantless vehicle searches in this Commonwealth must be accompanied not only by probable cause, but also by exigent circumstances beyond mere mobility; 'one without the other is insufficient'"). In my view, it would indeed be ironic to conclude that *stare decisis* demands adherence to a decision that is premised upon a breach of that doctrine.

Moreover, as noted, the *Gary* Court's adoption of the federal automobile exception to the warrant requirement ignored well-settled jurisprudence acknowledging that Article I, Section 8 affords greater protection than the Fourth Amendment, as the former embodies "a strong notion of privacy, carefully safeguarded in this Commonwealth for the past two centuries." Majority Opinion at 48 (quoting *Commonwealth v. Edmunds*, 586 A.2d 887, 897 (Pa. 1991)). Considering that "the doctrine of *stare decisis* was never intended to be used as a principle to perpetuate erroneous rules of law," *In re Nomination Petition of Paulmier*, 937 A.2d 364, 371 (Pa. 2007), under these unusual circumstances, I agree with the majority that *Gary* should be rejected.

Additionally, I agree with the majority that there is no controlling rationale in *Gary*, given that only three members of the Court aligned on the reasoning in adopting the federal automobile exception, and, finally, the *Gary* decision is of recent vintage, and has not been relied upon for an extended period of time so as to become ingrained in our common law. These factors lead me to conclude that the majority's treatment of the *Gary* decision is correct, as it restores Pennsylvania jurisprudence that required both probable cause and exigent circumstances to conduct a warrantless search of a vehicle in this Commonwealth.