J-S55009-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ERVIN MOORE | : | |
| | : | |
| Appellant | : | No. 1751 WDA 2019 |

Appeal from the Judgment of Sentence Entered October 24, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0005366-2019

BEFORE:   BOWES, J., McCAFFERY, J., and COLINS, J.[*]

DISSENTING MEMORANDUM BY McCAFFERY, J.: **FILED: MARCH 23, 2021**

I respectfully dissent.  On the record before us, I would conclude the officer lacked probable cause to make a warrantless arrest of Ervin Moore (Appellant).  I would thus reverse the order of the Allegheny County Court of Common Pleas denying Appellant's motion to suppress, vacate the judgment of sentence, and remand for further proceedings.

As the Majority summarizes, Monroeville Police Detective Steven Maritz testified to the following at the suppression hearing: "We had received information from a confidential informant [(CI)] that an individual with the description of a light skinned black male and a tattoo across his throat delivers heroin in that area of McNary Boulevard in Wilkinsburg, PA."  **See** N.T. Suppression H'rg, 9/4/19, at 3.  The detective then went to McNary Boulevard

_____

[*] Retired Senior Judge assigned to the Superior Court.

in an unmarked vehicle; all of the crimes or activities the detective had previously "dealt with in Wilkinsburg [had] been narcotics related." *Id.* at 3, 5, 7.

Detective Maritz testified:

[T]he CI contacted the individual and ordered [three] bricks of heroin. . . .

\* \* \*

. . . At approximately 5:18 the individual texted the CI that he would be there within 30 seconds, and after less than a minute we observed a male fitting the description[ — physical nature, height, skin tone, tattoo, and clothing.]  He also told the CI he would be wearing a black hoody.

*Id.* at 4.

Detective Maritz identified the male in the hoody as Appellant and testified to the following:  Appellant "starts running towards my unmarked police vehicle.  He is also running holding his front hoody pocket as if he might have a weapon."  N.T., 9/4/19, at 5.  Detective Maritz believed Appellant was armed, based on Appellant's "holding his hoody pocket . . . [a]nd the purpose for him being there[,] to sell drugs[.]"  *Id.* at 6.  Appellant "tried to open the door" of the car, but the door was locked.  *Id.* at 5.  It is "common [in] narcotics transactions" for someone to "attempt[ ] to enter the vehicle."  *Id.* Upon Appellant's attempt to enter the car, "[w]e exited the vehicle and placed him under arrest."[1]  *Id.*  Another detective searched Appellant and recovered

---

[1] At the suppression hearing, Detective Maritz did not explain who was in the car with him; however, as our discussion *infra* reveals, it was not the CI.  At

an empty firearm holster, a plastic baggie containing 2.8 grams of an "off-white powder[,] five bundles of heroin and five separate small Ziplock bags which were marked Cloud 9." *Id.* at 6.

On cross-examination, Detective Maritz stated he did not see any narcotics nor a weapon on Appellant as he approached. N.T., 9/4/19, at 8. Detective Maritz also did not witness any narcotics transaction. *Id.* The sole other reference to the CI arose in the following exchange:

[Appellant's counsel:] So the CI was still with you at this point?

[Detective Maritz:] Not with me.

Q. . . . The CI was on the scene?

A. Was in the area, that's correct.

*Id.*

The Majority Memorandum properly sets forth the relevant standard of review. *See* Majority Memo. at 4-6. I emphasize a warrantless arrest must be supported by probable cause:

> Probable cause is made out when the facts and circumstances which are within the knowledge of the officer at the time of the arrest, and of which he has reasonably trustworthy information, are sufficient to warrant a [person] of reasonable caution in the belief that the suspect has committed or is committing a crime. The question we ask

---

trial, Detective Maritz testified that he, "along with some other task force officers/agents and detectives set up in that area," although Detective Maritz still did not identify the passenger(s) in his car. *See* N.T. Motion & Nonjury Trial, 10/22/19, at 11.

is not whether the officer's belief was correct or more likely true than false. Rather, we require only a probability, and not a *prima facie* showing, of criminal activity. In determining whether probable cause exists, we apply a totality of the circumstances test.

Information received from confidential informants may properly form the basis of a probable cause determination. Where the officers' actions resulted from information gleaned from an informant, in determining whether there was probable cause, the informant's veracity, reliability and basis of knowledge must be assessed.

An informant's tip may constitute probable cause where police independently corroborate the tip, or where the informant has provided accurate information of criminal activity in the past, or where the informant himself participated in the criminal activity.

Our Supreme Court "held that a determination of probable cause based upon information received from a confidential informant depends upon the informant's reliability and basis of knowledge viewed in a common sense, non-technical manner." . . . "[I]nformation received from an informant whose reliability is not established may be sufficient to create probable cause where there is some independent corroboration by police of the informant's information." . . .

**Commonwealth v. Bernard**, 218 A.3d 935, 940-41 (Pa. Super. 2019)

(citations omitted).

[I]nformation received from confidential informants may properly form the basis of a probable cause determination. A determination of probable cause based upon information received from a confidential informant depends upon the informant's reliability and basis of knowledge viewed in a common sense, non-technical manner. An informant's tip may constitute probable cause where police independently corroborate the tip, or where the informant has provided accurate information of criminal activity in the past, or where the informant himself participated in the criminal activity.

***Commonwealth v. Luv***, 735 A.2d 87, 90 (Pa. 1999) (citations omitted).

Finally, I note:

> When an identified third party provides information to the police, we must examine the specificity and reliability of the information provided. The information supplied by the informant must be specific enough to support reasonable suspicion that criminal activity is occurring. To determine whether the information provided is sufficient, we assess the information under the totality of the circumstances. The informer's reliability, veracity, and basis of knowledge are all relevant factors in this analysis.

***Commonwealth v. Barber***, 889 A.2d 587, 593-94 (Pa. Super. 2005) (citation omitted).

As both the trial court and the Majority observe: the CI provided a "specific physical description of the individual who was willing to sell heroin;" Appellant matched the CI's description and "arrived at the exact time and place designated for the sale;" Detective Maritz believed Appellant was armed due to the manner in which Appellant held his hoodie; and Appellant "approached and tried to enter a vehicle that he clearly had no connection with." Majority Memo. at 9, *quoting* Trial Ct. Op., 2/27/20, at 4

On the other hand, Detective Maritz did not see any drugs or drug transaction prior to the arrest. Majority Memo. at 9, *quoting* Trial Ct. Op., 2/27/20. Appellant did not say anything to the detective, and made no statement about drugs. Appellant also did not have any interaction with the detective or undertake any action indicating an intent to conduct a drug transaction. These particular facts should be considered in conjunction with

the absolute lack of evidence as to the CI's reliability, veracity, or basis of knowledge. *See Barber*, 889 A.2d at 594. In my view, the Majority does not examine, as required, the reliability of the information provided by the CI. *See id.* at 593. Detective Maritz offered no testimony about the CI, nor any explanation as to whether the CI previously provided "accurate information of criminal activity" or "participated in the criminal activity." *See Luv*, 735 A.2d at 90.

In the absence of such information, I would equate the CI's information to an anonymous tip. *See Commonwealth v. Manuel*, 194 A.3d 1076, 1081-82 (Pa. Super. 2018) ("[W]here the evidence available to police consists of an anonymous tip, probable cause may be established upon corroboration of major portions of the information provided by the tip. Similarly, where the evidence consists of the allegations of a police informant who has not previously provided information, probable cause requires only corroboration of principal elements of information not publicly available."). Detective Maritz arrested Appellant immediately upon Appellant's attempt to open the car door. When asked at the suppression hearing whether the CI was "with [Detective Maritz]" or "on scene," Detective Maritz vaguely responded, "Was in the area, that's correct." *See* N.T., 9/4/19, at 8.

Accordingly, I would conclude the Commonwealth presented no evidence at the suppression hearing that the CI's tip was reliable, and, under the totality of the circumstances, the facts did not establish the probable cause

required to conduct a warrantless arrest. While the totality of the circumstances, especially Detective Maritz's belief that Appellant was armed, may have supported reasonable suspicion for a **Terry** frisk,[2] the detective plainly testified, and the Commonwealth argued, that the interaction was an arrest. **See** N.T., 9/4/19, at 5 (Detective Maritz testifying, "We exited the vehicle and placed [Appellant] under arrest."), 10-11 (the Commonwealth arguing, "At that point the officers . . . place him under arrest . . . .").

For the foregoing reasons, I would reverse the order of the trial court denying Appellant's motion to suppress, vacate the judgment of sentence, and remand for further proceedings. Accordingly, I respectfully dissent.

---

[2] **See Barber**, 889 A.2d at 592 ("An investigative detention occurs when a police officer temporarily detains an individual by means of physical force or a show of authority for investigative purposes. . . . Such a detention constitutes a seizure of a person and thus activates the protections of the Fourth Amendment and the requirements of **Terry v. Ohio**, 392 U.S. 1 . . . (1968).").