**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Gabriel THOMAS, Appellant.**

Superior Court of Pennsylvania.

Submitted July 17, 2006.

Filed Oct. 12, 2006.

Edward R. Dougherty, Havertown, for appellant.

Nicholas J. Casenta, Jr., Asst. Dist. Atty., West Chester, for Com., appellee.

BEFORE: LALLY–GREEN, GANTMAN, and JOHNSON, JJ.

OPINION BY JOHNSON, J.:

¶ 1 Gabriel Thomas appeals the judgment of sentence imposed upon his conviction of Possession of a Controlled Substance, Possession with Intent to Deliver, and Possession of Drug Paraphernalia, 35 P.S. § 780–113(a)(16), (30), (32) (respectively). Thomas contends that the trial court erred in refusing to suppress the evidence against him as the product of an illegal warrantless arrest. Thomas argues that the police did not have probable cause and were therefore required to seek a warrant. We find Thomas's assertions waived and affirm his judgment of sentence.

¶ 2 Police first took Thomas into custody following a sting based on anonymous tips that a young black male with medium to short dreadlocks was engaged in the sale of drugs from the platform of the train station in Berwyn, Chester County. Based on the tips, Officer David Felker of the Easttown Police Department staked out the station watching Thomas, who fit the physical description of the tip, as he sat outside ostensibly waiting for a ride. While the officers watched, a pickup truck pulled up and Thomas got in after a brief discussion with the driver. Later on, Officer Felker saw the truck parked at a K-mart in Tredyffrin Township and watched until the driver appeared, exiting the K-mart store. Thomas then came out also, but instead of going to the truck, began to walk away down Lancaster Avenue. Officer Felker followed him on foot but then learned over the police radio that other officers were stopping the pick-up truck for an "equipment violation." Felker went to the scene of the stop and when he arrived, questioned the driver, who admitted that he had just bought drugs from Thomas in the men's room of the K-mart

and that he had made numerous similar purchases from Thomas in the past. He then acceded to the suggestion of police that he act as a confidential informant (CI) and arrange another sale. Later that day, the CI arranged to meet Thomas again at the Berwyn rail station ostensibly to make another drug purchase. The CI declined to complete an actual purchase, however, citing his concern that Thomas might be armed. He then visually identified Thomas as the seller. Police arrested Thomas based on the CI's identification.

¶ 3 Before trial, Thomas filed a motion to suppress the evidence, which the trial court denied. A jury then found him guilty as charged and the trial court, the Honorable Thomas G. Gavin, imposed an aggregate sentence of one to two years' incarceration to be followed by one year of reporting probation. Thomas now files this appeal, raising the following question for our consideration:

> Whether the Hearing Court erred in denying Mr. Thomas' pretrial Motion to suppress evidence where there was no probable cause for the police officer [to] stop, search, and arrest defendant[?]

Brief for Appellant at 5.

¶ 4 Normally, our disposition of such questions requires that we determine whether the record adduced at the suppression hearing supports the findings of the trial court and, if so, whether the court erred in its conclusions of law. *See Commonwealth v. Reppert,* 814 A.2d 1196, 1200 (Pa.Super.2002) (*en banc*). In this instance, however, we are regrettably unable to reach the merits of Thomas's question, as the argument section of his brief provides so little discussion or analysis. At approximately two and one half pages in length, Thomas's argument cites three cases, but only to support a generic recitation of the standard of review and establish that an arrest must be supported by

probable cause. *See* Brief for Appellant at 10. The brief fails entirely to analyze, with reference to appropriate caselaw, how or why probable cause was not established in this case, instead relying on this Court to infer from the facts cited that probable cause was absent. *See* Brief for Appellant at 11–12. Such an approach seeks to impose on this Court the role of advocate, inviting judicial officers to identify and analyze authority sufficient to sustain the appellant's position. As we have admonished on prior occasions, any such practice is well beyond the purview of our review. *See Commonwealth v. Birdseye,* 432 Pa.Super. 167, 637 A.2d 1036, 1043 (1994) ("Furthermore, ... the Birdseyes cite to various pages in the trial transcript, but in essence ask that we develop an argument for them. It is not this Court's function or duty to become an advocate for the appellants."); *see also Commonwealth v. Hakala,* 900 A.2d 404, 407 (Pa.Super.2006) ("Although we might comb the record to assure that the elements of Hakala's convictions are established, absent some reasoned analysis from the appellant we decline to do so."). "It is the Appellant who has the burden of establishing his entitlement to relief by showing that the ruling of the trial court is erroneous under the evidence or the law." *Commonwealth v. Brewer,* 876 A.2d 1029, 1035 (Pa.Super.2005) (quoting *Miller v. Miller,* 744 A.2d 778, 788 (Pa.Super.1999)). Thus, given the paucity of citation to authority in Thomas's brief and the complete absence of analysis, we are constrained to deem his claim waived. *See Hakala,* 900 A.2d at 407.

¶ 5 We note, however, that even if Thomas had properly preserved his issue, it would not entitle him to the relief he requests. Here, the police had probable

cause to arrest Thomas based upon the information provided by the CI. *See Commonwealth v. Luv*, 557 Pa. 570, 735 A.2d 87, 90 (1999) (stating information received from confidential informants may constitute probable cause where police independently corroborate tip or where informant himself participated in criminal activity).

¶ 6 Accordingly, we affirm Thomas's judgment of sentence.

¶ 7 Judgment of sentence **AFFIRMED.**