J-S78035-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| TERRY PAUL MYERS | |
| Appellant | No. 500 WDA 2016 |

Appeal from the Judgment of Sentence March 17, 2016
in the Court of Common Pleas of Fayette County Criminal Division
at No(s): CP-26-CR-0000014-2015
CP-26-CR-0000250-2016
CP-26-CR-0000328-2016
CP-26-CR-0000398-2016

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| TERRY PAUL MYERS | |
| Appellant | No. 501 WDA 2016 |

Appeal from the Judgment of Sentence March 17, 2016
in the Court of Common Pleas of Fayette County Criminal Division
at No(s): CP-26-CR-0000014-2015
CP-26-CR-0000250-2016
CP-26-CR-0000328-2016
CP-26-CR-0000398-2016

J-S78035-16

COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF
                                            PENNSYLVANIA
                    v.

TERRY PAUL MYERS

                    Appellant      | No. 502 WDA 2016


Appeal from the Judgment of Sentence March 17, 2016
in the Court of Common Pleas of Fayette County Criminal Division
at No(s):
CP-26-CR-0000014-2015
CP-26-CR-0000250-2016
CP-26-CR-0000328-2016
CP-26-CR-0000398-2016
MJ-14201-CR-0000105-2016


COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF
                                            PENNSYLVANIA
                    v.

TERRY PAUL MYERS

                    Appellant      | No. 503 WDA 2016


Appeal from the Judgment of Sentence March 17, 2016
in the Court of Common Pleas of Fayette County Criminal Division
at No(s):
CP-26-CR-0000014-2015
CP-26-CR-0000250-2016
CP-26-CR-0000328-2016
CP-26-CR-0000398-2016


BEFORE: BENDER, P.J.E., OTT, J., and FITZGERALD,[*] J.

MEMORANDUM BY FITZGERALD, J.:                **FILED JANUARY 24, 2017**

---

[*] Former Justice specially assigned to the Superior Court.

- 2 -

Appellant, Terry Paul Myers, appeals from the judgments of sentence imposed after he entered negotiated guilty pleas to numerous offenses listed in the above captioned four criminal cases. Appellant purports to challenge the excessiveness of the sentence. We are constrained to dismiss Appellant's appeal due to a defective brief.

We need not recite the factual history of this case. It suffices to note that on March 17, 2016, Appellant entered a negotiated guilty plea to numerous charges in CR-14-2015, CR-250-2016, CR-328-2016, and CR-398-2016. That same day, the trial court sentenced Appellant to the following consecutive terms of imprisonment: (1) in CR-14-2015, sixty days for driving with suspended operating privileges[1] ("DUS"), (2) in CR-250-2016, six to twelve months for flight to avoid apprehension[2] and sixty days for DUS, (3) in CR-328-2016, nine to twenty-four months for escape,[3] and (4) in CR-398-2016, one to two years for driving under the influence,[4] a third offense, and ninety days for DUS. Consequently, the aggregate sentence of imprisonment was a minimum of 27 months and 210 days to a maximum of sixty months. Additionally, the court imposed a consecutive

---

[1] 75 Pa.C.S. § 1543(b)(1).

[2] 18 Pa.C.S. § 5126(a).

[3] 18 Pa.C.S. § 5121(a).

[4] 75 Pa.C.S. § 3802(d)(1)(iii).

two-year probationary term for fleeing and eluding[5] in CR-14-2015, and ordered that the sentences in these matters run consecutively to a prior sentence in CR-916-2013. Appellant did not file post-sentence motions. Appellant was represented by the Public Defender.

Appellant, acting *pro se*, timely filed notices of appeal in this Court, which were transmitted to the trial court. The trial court ordered Pa.R.A.P. 1925(b) statements. Appellant's counsel thereafter moved to withdraw from representation,[6] and the trial court granted counsel's motion on April 29, 2016. On May 31, 2016, remanded the matter for a **Grazier**[7] hearing. On remand, the trial court vacated its order granting Appellant's counsel leave to withdraw. Counsel thereafter filed Pa.R.A.P. 1925(b) statements, each raising a single challenge to the discretionary aspects of the sentence. The trial court filed a statement in lieu of an opinion. This Court consolidated the appeals.

Before addressing Appellant's sentencing claim, we are compelled to address the contents of Appellant's brief. It is well settled that "Pennsylvania Rule of Appellate Procedure 2119 contains mandatory provisions regarding the contents of briefs. Rule 2119(a) requires the

---

[5] 75 Pa.C.S. § 3733(a).

[6] Counsel averred in relevant part that an appeal would be frivolous. We remind counsel that the proper course is to petition this Court to withdraw from representation and file an **Anders**/**Santiago** Brief. See

[7] **See Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

- 4 -

argument to be followed by discussion and pertinent citation of authorities. Additionally, this Court has held that arguments which are not sufficiently developed are waived." ***Commonwealth v. Irby***, 700 A.d 463, 464 (Pa. Super. 1997) (citation omitted). "It is the [a]ppellant who has the burden of establishing his entitlement to relief by showing that the ruling of the trial court is erroneous under the evidence or the law." ***Commonwealth v. Thomas***, 909 A.2d 860, 862 (Pa. Super. 2006) (citation omitted).

We reiterate that

> [t]his Court is neither obliged, nor even particularly equipped, to develop an argument for a party. To do so places the Court in the conflicting roles of advocate and neutral arbiter. When an appellant fails to develop his issue in an argument and fails to cite any legal authority, the issue is waived.

***Commonwealth v. B.D.G.***, 959 A.2d 362, 371-72 (Pa. Super. 2008) (citations omitted). Thus, "[i]f the defects are in the brief . . . of the appellant and are substantial, the appeal or other matter may be quashed or dismissed." Pa.R.A.P. 2101.

Our review reveals that in the statement of facts and argument sections of Appellant's brief, Appellant's counsel discusses a revocation proceeding in a different matter. ***See*** Appellant's Brief at 8 (discussing revocation proceedings in CR-547-2014 and an appeal docketed at 1451 WDA 2015, neither of which correspond to the instant case). Although the brief contains citations of law relevant to a challenge to the discretionary aspects of a sentence, counsel provides no meaningful discussion of why

**Appellant's** sentence should be deemed excessive. Thus, we conclude the failure to develop any issues for review constitutes a substantial defect. **See** Pa.R.A.P. 2101, 2119(a); **B.D.G.**, 959 A.2d at 371-72. Therefore, we dismiss the present appeal.[8] **See** Pa.R.A.P. 2101.

Appeal dismissed.

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/24/2017

---

[8] The fact that Appellant did not preserve an objection to the sentence at the sentencing hearing or in a post-sentence motion would also result in waiver of the claim presented in this appeal. **See** Pa.R.A.P. 302(a); **Cf. Commonwealth v. Tirado**, 870 A.2d 362, 365 (Pa. Super. 2005) (reiterating that absent efforts to present a challenge to the discretionary aspect of a sentence to the trial court during sentencing or in a post-sentence motion, an objection to the discretionary aspect of the sentence is waived). In any event, because Appellant was sentenced pursuant to a negotiated sentence, any challenge to the discretionary aspects of that sentence would be frivolous. **See Commonwealth v. Dalberto**, 648 A.2d 16, 20 (Pa. Super. 1994) ("Where the plea agreement contains a **negotiated sentence** which is accepted and imposed by the sentencing court, there is no authority to permit a challenge to the discretionary aspects of that sentence." (citation omitted)). Lastly, we note that the trial court sentenced Appellant to a minimum sentence that was sixty days less than the agreed-upon sentence. **See** Plea Bargain Form, 3/17/16. Because the Commonwealth did not object at the time of sentencing or raise this issue on appeal, we presume the Commonwealth believes the sentence substantially comported with the plea agreement.