J-A23037-17, J-A23038-17, J-A23039-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
WESTLEY AARON RETZLER :
:
Appellant : No. 221 EDA 2017

Appeal from the Judgment of Sentence July 22, 2016
In the Court of Common Pleas of Bucks County
Criminal Division at No(s):  CP-09-SA-0000342-2016,
CP-09-SA-0000381-2016

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
WESTLEY AARON RETZLER :
:
Appellant : No. 408 EDA 2017

Appeal from the Order November 28, 2016
In the Court of Common Pleas of Bucks County
Criminal Division at No(s):  CP-09-SA-0000342-2016,
CP-09-SA-0000381-2016

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
WESTLEY ARRON RETZLER :
:
Appellant : No. 805 EDA 2017

Appeal from the Order January 20, 2017
In the Court of Common Pleas of Bucks County Criminal Division at No(s):
CP-09-SA-0000381-2016

BEFORE: PANELLA, DUBOW, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.: **FILED SEPTEMBER 15, 2017**

Appellant, Westley Aaron Retzler, takes these *pro se* appeals from several orders entered in the Bucks County Court of Common Pleas after he was found guilty of failing to stop at a red signal.[1] In 221 EDA 2017, Appellant appeals from the judgment of sentence imposed in the trial court following a trial *de novo*. In 408 and 805 EDA 2017, Appellant appeals from the orders denying his requests to proceed *in forma pauperis* ("IFP"). For the reasons that follow, we dismiss these appeals.

The procedural history of these appeals is as follows. Appellant was issued a traffic citation on February 4, 2016, for failing to stop at a steady red light. A magisterial district court judge found Appellant guilty on April 20, 2016. Appellant filed a notice of summary appeal on May 18, 2016.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 75 Pa.C.S. § 3312(a)(31).

- 2 -

Appellant was granted leave to proceed IFP in the trial court. Order, 5/27/16. Appellant proceeded to a trial *de novo* held on July 22, 2016. The Honorable Robert Mellon found Appellant guilty. On August 19, 2016, Appellant timely filed a notice of appeal from the judgment of sentence, which was docketed at 221 EDA 2017.

Attached with Appellant's notice of the appeal at 221 EDA 2017, Appellant filed a motion to proceed IFP. The trial court, with the Honorable Wallace H. Bateman, Jr. presiding, denied Appellant IFP status by the order dated October 30, 2016, and entered October 31, 2016. The trial court noted that Appellant appeared at a hearing on October 12, 2016, presented "limited testimony," and relied on his August 19, 2016 application for IFP status. Order, 10/31/16, at 1, n.1. The trial court concluded that Appellant was not entitled to IFP status because he did not provide the estimated value of the real estate listed in his IFP application. ***Id.*** On November 28, 2016, Appellant filed a notice of appeal from Judge Bateman's order, which was docketed at 408 EDA 2017.

That same day, Appellant filed another motion to proceed IFP, attached to which were numerous exhibits purporting to show Appellant's debts. The Honorable John J. Rufe scheduled a hearing for Appellant to present evidence regarding his financial status. Following a hearing conducted on January 20, 2017, before the Honorable Albert J. Cepparulo, the trial court denied Appellant's request to proceed IFP, noting that the request was previously decided and, therefore, not properly before the

court. On February 17, 2017, Appellant filed a notice of appeal from the January 20, 2017 order. That appeal was docketed at 805 EDA 2017.

In the appeal at 221 EDA 2017, Judge Mellon ordered a Pa.R.A.P 1925(b) statement. Appellant timely responded. Although Appellant's Rule 1925(b) statement was twenty pages long,[2] the trial court filed a responsive opinion.

In the appeal at 408 EDA 2017, Judge Bateman entered an order for Appellant to file a Rule 1925(b) statement. Appellant timely filed motions for extensions of time asserting that despite his request for transcripts, he did not receive the record of the October 12, 2016 hearing on his motion to proceed IFP. Judge Bateman did not rule on the requests for extensions of time, and Appellant did not file a Rule 1925(b) statement.[3]

_____

[2] The Rule 1925(b) statement filed and served on Judge Mellon included claims that the trial court improperly denied him IFP status. It does not appear that a copy of this statement was served on either Judge Bateman or Judge Cepparulo.

[3] Appellant continuously filed motions for IFP status in the trial court, which were denied, as well as *pro se* appeals from each order, including a notice of appeal filed April 20, 2017, from a March 2017 order, and a notice of appeal filed June 19, 2017, from an order purportedly entered on June 15, 2017. Appellant eventually filed a Rule 1925(b) statement in regard to his June 19, 2017 appeal. Judge Bateman issued an opinion addressing the denial of Appellant's challenges to the denial of IFP status on July 26, 2017. The June 19, 2017 appeal has been docketed at 1927 EDA 2017. No briefs have been filed in that appeal. Given our disposition below, we decline to address the appeal at 1927 EDA 2017.

We note that Judge Bateman, on May 1, 2017, entered an order, which denied one of Appellant's IFP motions and directed Appellant to proceed in
*(Footnote Continued Next Page)*

In the appeal at 805 EDA 2017, Judge Cepparulo ordered a Rule 1925(b) statement on April 13, 2017. Appellant did not respond.

Appellant has filed *pro se* briefs in all three appeals. In each, he sets forth the following questions presented:

> A. Whether the trial court[']s admission of statements of [] Appellant made during the hearing before a Common Pleas Court judge constituted harmless error and cannot form the basis for reversal?
>
> B. Whether the evidence presented at trial was sufficient to convict [] Appellant of the denial of [IFP] status?

Appellant's Brief, 221, 408 & 805 EDA 2017, at 2 (unpaginated).

We preliminarily consider whether Appellant's briefs preserve any issues in these appeals. "It is the [a]ppellant who has the burden of establishing his entitlement to relief by showing that the ruling of the trial court is erroneous under the evidence or the law." ***Commonwealth v. Thomas***, 909 A.2d 860, 862 (Pa. Super. 2006) (citation omitted). "While this court is willing to liberally construe materials filed by a *pro se* litigant, we note that appellant is not entitled to any particular advantage because [he] lacks legal training." ***Commonwealth v. Rivera***, 685 A.2d 1011, 1013 (Pa. Super. 1996). "Pennsylvania Rule of Appellate Procedure 2119 contains mandatory provisions regarding the contents of briefs. Rule 2119(a) requires the argument to be followed by discussion and pertinent citation of

*(Footnote Continued)* ————————
accordance with Pa.R.A.P. 533, which governs the filing of IFP motions in this Court.

- 5 -

authorities. Additionally, this Court has held that arguments which are not sufficiently developed are waived." ***Commonwealth v. Irby***, 700 A.d 463, 464 (Pa. Super. 1997) (citation omitted); ***accord Commonwealth v. Kane***, 10 A.3d 327, 331-32 (Pa. Super. 2010).

It is well settled that "[t]his Court is neither obliged, nor even particularly equipped, to develop an argument for a party. To do so places the Court in the conflicting roles of advocate and neutral arbiter." ***Commonwealth v. B.D.G.***, 959 A.2d 362, 371-72 (Pa. Super. 2008) (citations omitted). "If the defects are in the brief . . . of the appellant and are substantial, the appeal or other matter may be quashed or dismissed." Pa.R.A.P. 2101.

Instantly, Appellant's briefs consist of recitations of the proceedings and perceived improprieties during those proceedings. In 221 EDA 2007, Appellant believes his conviction should be overturned because the police officer falsified his testimony that the light was red, and that the officer had a clear view of Appellant's vehicle. ***See*** Appellant's Brief, 221 EDA 2007, at 9. In 408 and 805 EDA 2007, Appellant believes that Judges Bateman and Cepparulo did not have the authority to rule on his IFP motions, and that it was unjust for Judge Bateman to require him to provide an estimated value of the real estate listed in his IFP application. ***See*** Appellant's Brief, 408 EDA 2007, at 9-10 (unpaginated); Appellant's Brief, 805 EDA 2007, at 6 (unpaginated). However, Appellant's briefs lack any citation to the law,

including the standards governing a challenge to the sufficiency of the evidence or the rules of procedure governing IFP status in an appeal.[4] Moreover, Appellant's brief lacks any meaningful development of an argument relating any legal principle to the facts asserted. *See* Pa.R.A.P. 2119(a).

This Court is not in the position to develop a meaningful legal argument in order to begin discussing Appellant's claims. *See B.D.G.*, 959 A.2d at 371-72. Therefore, we conclude that Appellant's briefs are substantially defective. *See Kane*, 10 A.3d at 331-32; *Irby*, 700 A.d at 464. Accordingly, we dismiss these appeals.[5]

Appeals dismissed.

---

[4] *See* Pa.R.A.P. 551-554 (regulating IFP status for purposes of appeal); *Commonwealth v. Ratsamy*, 934 A.2d 1233, 1236 n.2 (Pa. 2007) (discussing standard of review for sufficiency challenges).

We acknowledge the denial of IFP status may have "the practical consequence" of putting an "appellant out of court." *See Grant v. Blaine*, 868 A.2d 400, 403 (Pa. 2005) (citation and quotation marks omitted). The procedural histories of these appeals, however, suggest that the denial of IFP status did not put Appellant out of court.

[5] Because we dismiss these appeals based on Appellant's briefs, we need not consider whether Appellant's issues were waived based on his failure to file *pro se* Rule 1925(b) statements in the appeals at 408 EDA 2007 and 805 EDA 2007. *See Commonwealth v. Boniella*, 158 A.3d 162, 164 (Pa. Super. 2017).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/15/2017