J-S36019-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NICHOLAS MARINELLI | : | |
| | : | |
| Appellant | : | No. 1445 EDA 2016 |

Appeal from the PCRA Order March 22, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0306911-2001,
CP-51-CR-0507251-2002, CP-51-CR-0507261-2002,
CP-51-CR-0507271-2002, CP-51-CR-0507281-2002,
CP-51-CR-0507291-2002, CP-51-CR-0507301-2002,
CP-51-CR-0507311-2002, CP-51-CR-0507321-2002,
CP-51-CR-0507331-2002, CP-51-CR-0507341-2002,
CP-51-CR-0507351-2002, CP-51-CR-0507361-2002,
CP-51-CR-0507371-2002, CP-51-CR-0507381-2002,
CP-51-CR-0507391-2002, CP-51-CR-0507401-2002,
CP-51-CR-0507411-2002, CP-51-CR-0507421-2002,
CP-51-CR-0507431-2002, CP-51-CR-0507441-2002,
CP-51-CR-0507451-2002, CP-51-CR-0507461-2002,
CP-51-CR-0507481-2002, CP-51-CR-0507491-2002,
CP-51-CR-0507511-2002, CP-51-CR-0507521-2002,
CP-51-CR-0507531-2002, CP-51-CR-0507541-2002,
CP-51-CR-0507551-2002, CP-51-CR-0507561-2002,
CP-51-CR-0507581-2002, CP-51-CR-0507591-2002,
CP-51-CR-0507601-2002, CP-51-CR-0507681-2002,
CP-51-CR-0507691-2002, CP-51-CR-0507701-2002,
CP-51-CR-0507711-2002, CP-51-CR-0507721-2002,
CP-51-CR-0507741-2002, CP-51-CR-0507761-2002,
CP-51-CR-0507821-2002, CP-51-CR-0507831-2002,
CP-51-CR-0507991-2002, CP-51-CR-0508001-2002,
CP-51-CR-0508011-2002, CP-51-CR-0508021-2002

BEFORE:  GANTMAN, P.J., DUBOW, J., and KUNSELMAN, J.

MEMORANDUM BY DUBOW, J.:                    **FILED NOVEMBER 21, 2018**

Nicholas Marinelli ("Appellant") appeals *pro se* from the Order entered by the Philadelphia County Court of Common Pleas dismissing his Petition filed pursuant to the Post-Conviction Relief Act, 42 Pa.C.S. §§ 9541-46 ("PCRA"). We affirm.

On April 16, 2004, the court sentenced Appellant to an aggregate term of 25 to 50 years' imprisonment followed by 10 years' probation after a jury convicted him of forty-five counts of Burglary.[1] The court denied Appellant's post-sentence motions. After the trial court *twice* reinstated Appellant's direct appeal rights *nunc pro tunc*, Appellant timely appealed from only four of the forty-five convictions.[2,3] This court affirmed those four Judgments of

---

[1] The evidence presented at trial included Appellant's statements made to police officers as they drove him around neighborhoods in northeast Philadelphia asking him about specific houses they had listed on a log as having been burglarized.

[2] Six of the burglaries were second-strike offenses pursuant to 42 Pa.C.S. §9714. Of the four dockets over which we have jurisdiction in this PCRA Petition, the court sentenced Appellant to the mandatory minimum terms of incarceration of ten to twenty years, to run concurrently, for an aggregate term of incarceration of 10 to 20 years. For a case not appealed, the court imposed a sentence of 10 to 20 years that was to be served consecutively to the sentence imposed on one of the four preserved dockets. The court sentenced Appellant below the guidelines on the remaining 39 counts of Burglary to terms of incarceration of 47-94 days, with all counts to run consecutively to the mandatory minimum sentences, for an aggregate term of incarceration of 5 to 10 years on those 39 cases. ***Commonwealth v. Marinelli***, No. 462 and 463 EDA 2001 (Pa. Super. filed Apr. 8, 2009).

[3] Appellant appealed from the convictions entered on docket numbers CP-51-CR-0507401-2002, CP-51-CR 0507681-2002, CP-51-CR 0508011-2002, and CP-51-CR 0507251-2002.

Sentence. *See Commonwealth v. Marinelli*, Nos. 462 and 463 EDA 2007 (Pa. Super. filed Apr. 8, 2009). Appellant did not seek relief from the Pennsylvania Supreme Court. His Judgments of Sentence on the forty-one unappealed convictions, thus, became final on May 16, 2004. With respect to the remaining four convictions that he had appealed, his Judgments of Sentence became final on May 8, 2009.

On March 22, 2010, Appellant filed a timely *pro se* PCRA Petition listing all 45 CCP docket numbers. The court appointed counsel, who filed an amended PCRA petition. The court thereafter granted Appellant's request to proceed *pro se* after conducting a *Grazier*[4] hearing. The lower court docket indicates Appellant filed another PCRA Petition on June 10, 2015, after the *Grazier* hearing. The court sent a Pa.R.Crim.P. 907 Notice of its intent to dismiss the Petition without a hearing. On March 22, 2016, the PCRA court dismissed the Petition.

Appellant timely appealed *pro se*. The court did not order him to file a Pa.R.A.P. 1925(b) Statement. The trial court filed a Rule 1925(a) Opinion.

Appellant's Brief contains the following Statement of Questions Presented, quoted here verbatim:

> I. (a) Did the PCRA Court err in not reinstating the petitioner's appellate rights and post-sentence motions where there is no doubt petitioner's constitutional rights were violated, whereas the due process clause of the constitution guarantees the defendant effective assistance of counsel on first appeal?

---

[4] *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998).

- 3 -

(b) Did the PCRA Court err in their decision to dismiss petitioner's PCRA on all 45 cases due to time bar?

(c) Did the PCRA Court err in failing to reinstate petitioner's right to direct appeal and post-sentence motions *nunc pro tunc* when the sentence imposed was manifestly excessive, constitutes a potential life sentence whereas direct appeal counsel failed to properly argue and preserve "discretionary aspects of sentence" which is challengeable in this Commonwealth, leaving the petitioner without any issues for review on direct appeal causing a constructive denial of assistance of counsel on first appeal?

II. (a) Did the PCRA Court err in not deeming direct appeal counsel in effective for failing to preserve and argue that statement taken 6 hours passed arrest without an arraignment must be suppressed, whereas the lower court erred in allowing suppressible statement to be entered as the main piece of evidence at trial?

(b) Whether the "totality of the circumstances" surrounding the custodial interrogations of petitioner, 6 hours past arrest without an arraignment were not argued or preserved properly and were the statements made reliable, voluntary and a product of the defendant's free will without promises, gifts or coercion?

III. (a) Whether the PCRA Court erred in not deeming direct appeal counsel ineffective for not executing a proper direct appeal on behalf of the petitioner where direct appeal counsel failed to raise, preserve, and argue the meritorious issue of prosecutorial misconduct, when, during her closing argument and without any factual basis, the prosecutor stated that the witnesses were afraid to testify against petitioner?

(b) Whether the lower court erred in not granting a mistrial even though trial judge Berry sustained the objection of the comments made by ADA Melissa Francis in her closing argument, the comments still heard by the jurors who were left with fixed bias and were inflamed without any evidentiary basis, which should have awarded petitioner with a new trial?

(c) Whether the PCRA Court erred by not ruling that direct appeal counsel was ineffective and constructed the petitioner's brief in such a manner it left the petition without any issues for review on appellant's first appeal and also with a constructive

denial of counsel whereas the court should have reinstated the appellant's appeal rights and post-sentence motions?

IV. (a) Whether the PCRA Court erred in not finding the petitioner had a constructive denial of counsel on first appeal whereas the petition was left with no issues for direct appeal being preserved or argued properly when there was a violation of the petitioner's speedy trial rights and due process, Pa.R.Cr.P. Rule 600, which was originally argued by trial counsel on September 2, 2003 room 502 where trial judge Berry neither answers nor rules on the motion made by defendant?

V. (a) Whether the PCRA Court erred in finding the petitioner had a constructive denial of counsel on first appeal, whereas, the petitioner, had no issues of merit raised, argued, or preserved properly when direct appeal counsel was ineffective for failing to reserve the proper case nos. CP-51-CR-0508021-2002 and CP-51-CR-0507401-2002 with respect to the "statutory construction aspects" of the language set forth in section 9714 of the Pa. 2nd strike statute(s)?

(b) Whether counsel failed to challenge the fact that in both crimes no violence whatsoever occurs or in imminent, as the term "crime(s) of violence" is unambiguous with contradiction to the language set forth under section 9714 regarding "violence" in the definition of "burglary - ….at the time ….any person is "present" creates ambiguity in its meaning, hence any ambiguity found in a penal statue shall be ruled in favor of the defendant, resulting was the petitioner receiving consecutively enhanced mandatory sentences for a total of 20-40 years of imprisonment for "2 crimes of violence" where no violence occurs, questioning this court as to whether an absurd flow results?

Appellant's Brief at 11-14.

**Standard of Review**

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014). This Court grants great deference to the findings of the PCRA court if the record

supports them. ***Commonwealth v. Boyd***, 923 A.2d 513, 515 (Pa. Super. 2007). We give no such deference, however, to the court's legal conclusions. ***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. Super. 2012).

**PCRA Petition Timeliness**

Before addressing the merits of Appellant's claims, we must first determine whether we have jurisdiction to consider his PCRA Petition. ***See Commonwealth v. Hackett***, 956 A.2d 978, 983 (Pa. 2008) (explaining that the timeliness of a PCRA Petition is a jurisdictional requisite). Under the PCRA, any petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S. § 9545(b)(1). A Judgment of Sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a PCRA court may not address the merits of the issues raised if the petitioner did not timely file the PCRA petition. ***Commonwealth v. Albrecht***, 994 A.2d 1091, 1093 (Pa. 2010).

Pennsylvania courts may consider an untimely PCRA petition, however, if the petitioner pleads and proves one of the three exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii). For a petitioner to avail himself of one of the exceptions, he must file his Petition within 60 days of the date the claim could have been presented. ***See id.*** at Section 9545(b)(2).

Here, Appellant filed his PCRA Petition in connection with all forty-five Judgments of Sentence, which the trial court had entered simultaneously on April 16, 2004. After his appeal rights were reinstated *nunc pro tunc*, Appellant filed a direct appeal in just four of those cases. With respect to the remaining forty-one cases, his Judgments of Sentence, thus, became final 30 days after their entry, *i.e.*, May 16, 2004. Accordingly, his PCRA Petitions filed on March 22, 2010, and June 10, 2015, were untimely as to those forty-one cases. Because Appellant did not assert any of the timeliness exceptions in his PCRA Petitions, the trial court was without jurisdiction to consider the merits of the issues that Appellant raised in connection with those forty-one cases. Accordingly, this Court is likewise without jurisdiction.

With respect to the remaining four cases that Appellant had directly appealed, as we noted above, the Judgments of Sentence in those cases became final on May 8, 2009. Appellant's PCRA Petition filed on March 22, 2010, was timely with respect to those four cases. 42 Pa.C.S. § 9545(b)(1). The PCRA court, thus, had jurisdiction to consider the merits of the issues raised in the Petition with respect to those four cases.

**Review of Issues**

Once it is determined that the court has jurisdiction, in order to obtain post-conviction review an eligible petitioner must establish, *inter alia*, that his conviction or sentence resulted from one or more of the enumerated errors or defects found in 42 Pa.C.S. § 9543(a)(2): a constitutional violation; ineffective

assistance of counsel; an unlawfully induced plea; improper obstruction by governmental officials; a case where exculpatory evidence has been discovered; an illegal sentence has been imposed; or the tribunal conducting the proceeding lacked jurisdiction. *See* 42 Pa.C.S. § 9543(a)(2)(i)-(viii). A petitioner must also establish that the issues raised in the PCRA petition have not been previously litigated or waived. 42 Pa.C.S. § 9543(a)(3).

**Ineffective Assistance of Appellate Counsel**

In each of his issues, Appellant claims that appellate counsel was ineffective. The law presumes counsel has rendered effective assistance. *Commonwealth v. Rivera*, 10 A.3d 1276, 1279 (Pa. Super. 2010). "[T]he burden of demonstrating ineffectiveness rests on [A]ppellant." *Id.* To satisfy this burden, Appellant must plead and prove by a preponderance of the evidence that: "(1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and, (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceeding would have been different." *Commonwealth v. Fulton*, 830 A.2d 567, 572 (Pa. 2003). Failure to satisfy any prong of the test will result in rejection of the appellant's ineffective assistance of counsel claim. *Commonwealth v. Jones*, 811 A.2d 994, 1002 (Pa. 2002). Courts will not find that counsel provided ineffective assistance by failing to pursue meritless claims. *Commonwealth v. Dewitt*, 412 A.2d 623, 624 (Pa. Super. 1979).

**Issue I**

In Issue I(a) and (b), Appellant avers that direct appeal counsel was ineffective for appealing only four of his forty-five Judgments of Sentence.[5] As noted above, Appellant did not file a timely PCRA Petition in those forty-one cases and a claim of ineffective assistance of counsel is "not sufficient justification to overcome otherwise untimely PCRA claims." ***Commonwealth v. Lark***, 746 A.2d 585, 589 (Pa. 2000). Accordingly, the issue presented in paragraphs I(a) and (b) garners no relief.

In Issue I(c), Appellant contends that appellate counsel provided ineffective assistance by failing to raise a challenge to the discretionary aspects of his sentence. ***See*** Appellant's Brief at 33-35. Appellant avers that appellate counsel should have argued on appeal that his sentence was harsh and unreasonable.

We have stated that:

> [s]entencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse

---

[5] Without reference to record, Appellant also asserts that the trial court violated his "constitutional rights by appointing counsel to only [four] cases when the petitioner was found guilty by one jury trial of [forty-five] total cases (convictions) of burglary." Appellant's Brief at 29. Due to the voluminous record, we are unable to verify this claim. Accordingly, this issue is waived. ***See Hayward v. Hayward***, 868 A.2d 554, 558 (Pa. Super. 2005) (citations omitted) (observing it is not the duty of this Court to "scour the record" and "act as the appellant's counsel" and declining to do so). ***See*** Pa.R.A.P. 2119 (b), (c) (requiring citation to record in appellate brief).

of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Gonzalez*, 109 A.3d 711, 731 (Pa. Super. 2015) (citation omitted).

Here, Appellant avers that because the court sentenced him to consecutive mandatory minimum terms of incarceration, his sentence is "manifestly excessive" and a "potential life sentence." Appellant's Brief at 26. Although he refers only to the second-strike offenses as erroneously imposed when he challenges the validity of the mandatory minimum requirement, *see id*. at 33-35, he nonetheless contends that when combined with all of the other sentences imposed, his total sentence of 25-50 years is excessive in light of the non-violent nature of his crimes, his drug addiction and mental health issues, and his age. *See id*. at 35.

As we noted in our consideration of Appellant's direct appeal:

[O]n the four appealed cases, Appellant was sentenced to the mandatory minimum. Further, his aggregate sentence on the four cases appealed is not twenty to forty years as he contends; rather, it is ten to twenty years. The record clearly reflects that the sentences on cases [ ]7681[ ], [ ]8011[], and [ ] 7251[], were to be served concurrently, not consecutive, to the sentence on case [ ] 7401[ ]. The sentence on case CP-51-CR-0508021-2002, a case that Appellant did not appeal, was the ten to twenty-year sentence that was to be served consecutively to the sentence on case [ ] 7401[ ]. *See* N.T., 4/16/04, at 40-43; Trial Court Opinion dated 4/9/08 at 1-3.

This court has specifically stated that a challenge to the discretionary aspects of sentence, based solely upon a claim that

the trial court imposed a mandatory minimum sentence, is frivolous. ***Commonwealth v. Nischan***, 928 A.2d 349, 355 (Pa. Super. 2007) [ ]. Further, we have held that the decision to impose consecutive or concurrent sentences is within the discretion of the trial court and does not raise a substantial question on appeal. ***Commonwealth v. Ahmad***, 961 A.2d 884, 887 n.7 (Pa. Super. 2008).

***Commonwealth v. Marinelli***, 462 EDA 2007, at 4 (Pa. Super. filed Apr. 8, 2009).

As noted above, contrary to Appellant's contention, the court imposed the sentences in the cases cognizable in this PCRA Petition to run concurrently, not consecutively. Additionally, Appellant bases his challenge on the court's imposition of mandatory minimum sentences. Such a challenge is frivolous. ***Nischan***, ***supra*** at 355. We will not conclude that appellate counsel provided ineffective assistance by failing to raise a frivolous claim. Accordingly, the issue raised in paragraph I(c) warrants no relief.

## Issue II

In Issue II, Appellant asserts that appellate counsel was ineffective for failing to challenge the denial of his suppression motion on appeal. Although appellate counsel raised the issue in Appellant's Pa.R.A.P. 1925(b) Statement, ***see*** Trial Ct. Op., dated 4/10/08, at 5-7, counsel did not set forth or brief the issue in his appellate brief.

In order to determine whether appellate counsel was ineffective, we must determine whether the underlying claim merit has merit, *i.e.*, whether

- 11 -

the suppression court properly denied Appellant's motion to suppress his statements.

In reviewing the denial of a Motion to Suppress, we are limited to considering only the Commonwealth's evidence and "so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole." **Commonwealth v. McCoy**, 154 A.3d 813, 815-16 (Pa. Super. 2017) (citation omitted). Where the testimony and other evidence supports the suppression court's findings of fact, we are bound by them and "may reverse only if the court erred in reaching its legal conclusions based upon the facts." **Id.** at 816. It is within the exclusive province of the suppression court to "pass on the credibility of witnesses and determine the weight to be given to their testimony." **Id.**

"The scope of review from a suppression ruling is limited to the evidentiary record created at the suppression hearing." **Commonwealth v. Neal**, 151 A.3d 1068, 1071 (Pa. Super. 2016) (*citing* **In re L.J.**, 79 A.3d 1073, 1087 (Pa. 2013)). This Court will not disturb a suppression court's credibility determination absent a clear and manifest error. **Commonwealth v. Camacho**, 625 A.2d 1242, 1245 (Pa. Super. 1993).

In concluding that the trial court properly denied Appellant's Motion to Suppress, the trial court noted the following in its Rule 1925(a) Opinion filed in response to the issues raised on direct appeal in Appellant's Rule 1925(b) Statement:

Appellant avers that his statement to detectives was not given knowingly, intelligently or voluntarily[;] however testimony presented showed that Appellant was fully lucid, and coherent in providing statements to Philadelphia Detectives. Appellant, subject to his second strike, at least, was familiar with the Criminal Justice System and fancied himself as being a paralegal. He was Mirandized on four separate occasions, both verbally, and in writing. On each occasion, he signed his initials indicating that he understood the warnings and wanted to waive his right to counsel.

At no time did Appellant ask to stop the interviews, nor did he ask to speak to a defense attorney. Additionally, Detective Nestal [] testified that on two occasions, March 20 and March 21, he prepared formal statements to sign, but Appellant refused to sign either. The first time, Appellant indicated that he wanted to first speak with a District Attorney and the second time, Appellant indicated he was going to wait and see whether the complainants showed up for court. (N.T. 2/9/04 p. 50). This evidence certainly does not support a finding that Appellant was unapprised or unaware of his right to remain silent. If anything, it affirms the notion that he exercised (albeit imperfectly) his right to remain silent. Appellant's argument is therefore without merit.

Trial Ct. Op., dated Apr. 10, 2008, at 6-7.

In addition, the suppression court stated the following findings of

facts and conclusions of law following the suppression hearing:

I find that the facts are in accordance with the testimony of the police whose testimony was clear, concise, and uncontroverted on cross-examination. For the record, I find the testimony of the defendant to be totally incredible.

I make the following conclusions of law, one, the statements were voluntarily given. Two, the requirements of *Miranda versus Arizona*[6] were fully complied with. Three, the statements – the condition of the defendant at all times while he was in police custody was to make him as comfortable as possible under the

---

[6] ***Miranda v. Arizona****,* 384 U.S. 436 (1966).

- 13 -

circumstances to provide him with food of his own choice from the same places that the police are commonly found to eat and, in fact, the police ate food from the same restaurants and further that his other needs were also see[n] to including cigarettes and use of facility.

* * *

Finally, court finds that none of the statements were taken in violation of the **Davenport** rule[7] and its progeny and, therefore, the motion to suppress is denied.

N.T. Suppression, 12/9/02, at 105-06.

Our review of the record created at the suppression hearing indicates the court's findings of fact and credibility determinations are supported by the evidence. The issue underlying this ineffectiveness claim is, thus, meritless. Because counsel will not be deemed ineffective for failing to pursue a meritless claim, Appellant has failed to prove appellate counsel provided ineffective assistance by failing to challenge the denial of his suppression motion on direct appeal.

**Issue III**

In Issue III, Appellant asserts that appellate counsel provided ineffective assistance by failing to "raise, preserve, and argue" a claim of prosecutorial misconduct that occurred during closing arguments. Appellant's Brief at 44.

---

[7] **Commonwealth v. Davenport**, 370 A.2d 301 (Pa. 1977) (providing that "[i]f the accused is not arraigned within six hours of arrest, any statement obtained after arrest but before arraignment shall not be admissible at trial"), *overruled by* **Commonwealth v. Perez**, 845 A.2d 779 (Pa. 2004).

In reviewing a claim of improper prosecutorial comments, our standard of review "is whether the trial court abused its discretion." **Commonwealth v. Hall**, 701 A.2d 190, 198 (Pa. 1997). "[W]ith specific reference to a claim of prosecutorial misconduct in a closing statement, it is well settled that any challenged prosecutorial comment must not be viewed in isolation, but rather must be considered in the context in which it was offered." **Commonwealth v. Jones**, 191 A.3d 830, 835 (Pa. Super. 2018) (citation omitted). In addition, "[o]ur review of a prosecutor's comment and an allegation of prosecutorial misconduct requires us to evaluate whether a defendant received a fair trial, not a perfect trial." **Id**. (citation omitted).

> Thus, it is well settled that statements made by the prosecutor to the jury during closing argument will not form the basis for granting a new trial unless the unavoidable effect of such comments would be to prejudice the jury, forming in their minds fixed bias and hostility toward the defendant so they could not weigh the evidence objectively and render a true verdict. The appellate courts have recognized that not every unwise remark by an attorney amounts to misconduct or warrants the grant of a new trial. Additionally, like the defense, the prosecution is accorded reasonable latitude, may employ oratorical flair in arguing its version of the case to the jury, and may advance arguments supported by the evidence or use inferences that can reasonably be derived therefrom. Moreover, the prosecutor is permitted to fairly respond to points made in the defense's closing, and therefore, a proper examination of a prosecutor's comments in closing requires review of the arguments advanced by the defense in summation.

**Id.** (*quoting* **Commonwealth v. Jaynes**, 135 A.3d 606, 615 (Pa. Super. 2016), *appeal denied*, 135 A.3d 606 (Pa. 2016) (quotation marks and citations omitted)).

Appellant challenges the following statements the prosecutor made in her closing after she noted that two witnesses who came into court did not identify the defendant: "Were they scared to face him? Were they scared face-to-face? If they were both telling the truth about that, the description, why would one say bald and the other blond? Were they scared? Did they fear the possibility of what could happen?" N.T. Trial, 2/10/04 at 81-82. Appellant's counsel then objected and the court sustained the objection. When the prosecutor then said, "Were they trying not to identify the defendant in court?" defense counsel again objected and the court sustained the objection and instructed the prosecutor to "[j]ust comment on the testimony." *Id*. at 82.

Appellant asserts that when the prosecutor stated, "the witnesses were afraid to testify against [Appellant,]" she "created pre-conceived notion in the process of deliberations, that the defendant had tampered or threatened the witnesses." Appellant's Brief at 12, 46. He contends that even though the court sustained his attorney's objection to the comments, "the comments were heard and could not be erased from the juror's minds." *Id*. at 46. Appellant fails to acknowledge the case law cited above that informs our review of his claim.

First, we consider the challenged statement not in isolation but in the context in which it was offered. Here, the statement was offered in the context of closing arguments. Counsel objected and the court sustained the objection.

Thereafter, during its jury instructions, the court specifically instructed the jury that statements made by counsel in closing arguments are not to be considered evidence.[8] The law presumes that the jury will follow the instructions of the court. *Commonwealth v. Brown*, 786 A.2d 961, 971 (Pa. 2001) (citations omitted). In light of the context in which the isolated statements were made and the trial court's subsequent instruction, we cannot conclude that the "unavoidable effect of such comments" was "to prejudice the jury, forming in their minds fixed bias and hostility toward" Appellant. *Jones*, 191 A.3d at 835.

Further, our review of the trial testimony supports a conclusion that Appellant received a fair trial. The trial occurred before a jury with multiple witnesses testifying over six days. In light of the plethora of evidence against Appellant, we cannot conclude that the prosecutor's isolated comments made to the jury during closing arguments rendered the jury unable to "weigh the evidence objectively and render a true verdict." *Id*. Accordingly, there is no merit to Appellant's underlying claim. He has, thus, failed to demonstrate that appellate counsel rendered ineffective assistance of counsel for failing to raise this meritless claim.

---

[8] The court specifically informed the jury that, in many instances, closing arguments contain statements of counsels' theory of the case made in advocacy of their clients' positions. *See* N.T. Trial, 2/10/04, at 105-06.

- 17 -

**Issue IV**

In Issue IV, Appellant asserts that appellate counsel provided ineffective assistance by failing to raise a Pa.R.Crim.P. 600 speedy trial issue on direct appeal. He alleges that trial counsel raised the issue by motion before trial and the trial court held a hearing, but "[i]nstead of making a ruling, the court shows partiality and exercises ill will or bias by allowing the Commonwealth another continuance of 6 more months." Appellant's Brief at 48-49, 53.

Appellant fails to develop this claim beyond conclusory allegations. *See id*. at 49, 52-53. Moreover, he fails to cite to any notes of testimony for the hearing he alleges occurred on the alleged Rule 600 motion.[9] Accordingly, Appellant's failure to cite to the record and develop this issue adequately impairs our ability to review its merits. We, thus, conclude the issue is waived.[10] *See Commonwealth v. Thomas*, 909 A.2d 860, 862 (Pa. Super. 2006) (deeming issue waived where the appellant failed to cite relevant

_____

[9] The PCRA court notes in its Opinion, and our review shows, that the court's docket does not indicate that the trial court held any such Rule 600 hearing, and there are no transcribed notes of testimony for this alleged hearing. *See* Trial Ct. Op., dated 7/11/17, at 10.

[10] Further, we note that once a trial has occurred, a Rule 600 claim is technically moot. *See Commonwealth v. Sloan*, 907 A.2d 460, 464-465 (Pa. 2006) (observing that a Rule 600 issue becomes moot after a defendant is no longer in pre-trial detention and will be addressed only if the issue raised is "of a recurring nature yet capable of repeatedly evading review and involves issues of important public interest"). Appellant has failed to provide any basis for us to consider the merits of his Rule 600 challenge.

authority or develop the issue with analysis). *See also* Pa.R.A.P. 2119(b), (c), (e) (setting forth briefing requirements).

## Issue V

In Issue V, Appellant avers that appellate counsel provided ineffective assistance by failing to challenge the "'statutory construction aspects' of the language set forth in 42 Pa.C.S. [§] 9714 of the [ ] 2nd strike statutes[.]"[11] Appellant's Brief at 54. Appellant further avers that he erroneously received mandatory sentences on two "'crimes of violence' where no violence occurs[*sic*][.]" *Id*. at 54-55. He then parses the words "violence" and "present" as used in the mandatory minimum statute and the burglary statute, respectively, to support his argument that he was not violent and no one was present in two of the burglaries. *See id*. at 56-60. His argument is an amalgamation of bare legal concepts that essentially boils down to a challenge to the sentences imposed for two of the burglaries where he "never showed

_____

[11] 42 Pa.C.S. § 9714(a)(1) provides that "[a]ny person who is convicted in any court of this Commonwealth of a crime of violence shall, if at the time of the commission of the current offense the person had previously been convicted of a crime of violence, be sentenced to a minimum sentence of at least ten years of total confinement, notwithstanding any other provision of this title or other statute to the contrary."  Section 9714(a.1) provides that "[a]n offender sentenced to a mandatory minimum sentence under this section shall be sentenced to a maximum sentence equal to twice the mandatory minimum sentence, notwithstanding 18 Pa.C.S. § 1103 (relating to sentence of imprisonment for felony) or any other provision of this title or other statute to the contrary."  42 Pa.C.S. § 9714(a.1).

'intent to harm' the victims either verbally or physically" and "was never in the 'presence' of the victims for even the potential for violence to be evident." *Id*. at 57.

For the same reason expressed in our review of Appellant's Issue (I)(c) challenging the discretionary aspect of his sentence, we conclude Appellant's sentencing issue presented here has no merit. *See supra* at 9-11.

In addition, with respect to his challenge to the burglary statute itself, we note that our legislature has defined burglary as follows:

> A person commits the offense of burglary if, with the intent to commit a crime therein, the person:
>
> (1)(i) enters a building or occupied structure, or separately secured or occupied portion thereof, that is adapted for overnight accommodations in which at the time of the offense any person is present and the person commits, attempts or threatens to commit a bodily injury crime therein;
>
> (ii) enters a building or occupied structure, or separately secured or occupied portion thereof that is adapted for overnight accommodations in which at the time of the offense any person is present[.]

18 Pa.C.S. § 3502(a)(1)(i-ii).

Our courts have rendered numerous decisions addressing the words used in the burglary statute and their application to the facts presented in each case. *See Commonwealth v. Rivera*, 983 A.2d 767, 770 (Pa. Super. 2009) (listing cases). In addition, the mandatory minimum statute at issue defines burglary as set forth in 18 Pa.C.S. § 3502(a)(1) as a "crime of violence." *See* 42 Pa.C.S. § 9714(g).

To the extent that Appellant's argument challenges the sufficiency of the evidence supporting his burglary convictions, we adopt the following analysis provided by the PCRA court as our own and conclude the issue underlying this ineffectiveness claim has no merit.

> Appellant's claim of ineffective counsel for failing to challenge the burglaries being classified as crimes of violence fails as the evidence clearly establishes that Appellant committed six (6) burglaries of homes while persons were present therein. Section 3502 provides that an individual commits burglary when the individual has the intent to enter a building or occupied structure "that is adapted for overnight accommodations in which at the time of the offense any person is present."[ ] The definition of a crime of violence includes the crime of burglary. 42 Pa. C.S. § 9714(g).[ ]
>
> Instantly, the record reveals that Appellant committed six (6) burglaries of homes while person were present therein. Since Appellant has committed a burglary, and person were present in the structure, Appellant has committed a crime of violence. Id. Therefore, Appellant's claim of ineffective counsel for failing to challenge the burglaries being classified as crimes of violence must be dismissed for lack of arguable merit.

Trial Ct. Op., dated July 11, 2017, at 8-9 (footnotes omitted).

**Conclusion**

Based on our review of the certified record, including the relevant transcripts and filings, we conclude that the PCRA court's findings are supported by the record and its Order contains no legal error. Accordingly, we affirm.

Order affirmed.

Judge Kunselman joins the memorandum.

President Judge Gantman concurs in result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>11/21/18</u>