J-S53043-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ALVIN MAURICE HAILEY | : | |
| | : | |
| Appellant | : | No. 982 EDA 2020 |

Appeal from the PCRA Order Entered March 2, 2020
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0007727-2017

BEFORE: SHOGAN, J., LAZARUS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.: **FILED: APRIL 19, 2021**

Alvin Maurice Hailey (Hailey) appeals *pro se* from the Court of Common Pleas of Montgomery County (PCRA court) order denying his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. Hailey claims that his trial counsel was ineffective in advising him to enter a guilty plea as well as his PCRA counsel was ineffective in filing a **Turner**/**Finley**[1] "no merit" letter without investigation. We affirm.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988).

**I.**

We take the factual background and procedural history of this case from the PCRA court's June 8, 2020 opinion and our independent review of the record. The PCRA court set forth the factual background as follows:

On August 25, 2017, the Norristown Police Department received notice that [Hailey] had an active County Probation and State Parole warrant. The Department was further informed [Hailey] was driving a red Buick sedan, license plate number KLV-3012 and that he was potentially armed. On August 27, 2017, police received information from a confidential informant that [Hailey] was in fact the operator of the vehicle and that there was cocaine and a handgun located inside the vehicle. On August 27, 2017, while on patrol, Corporal Tyler North ("Cpl. North") of the Norristown Police Department saw an individual, who he believed to be [Hailey] in the driver seat of the red Buick sedan, license plate number KLV-3012 which was parked outside the address listed for [Hailey], 419 E. Moore St., Norristown, Pennsylvania. When [Hailey] began to drive the red Buick sedan, Cpl. North proceeded to follow [him] until he reached a dead end. There, Cpl. North ordered [Hailey] out of the car. [Hailey] did as he was ordered and then fled the scene and successfully eluded the police during a police search of the area. With further investigation, the police confirmed that the red Buick belonged to [Hailey], and after a K-9 exterior sniff search of the vehicle discovered the presence of narcotics the vehicle was towed to a police station pending a search warrant application.

On August 28, 2017, police were notified of the whereabouts of [Hailey] by a confidential informant, and [Hailey] was subsequently arrested at the location. On August 29, 2017, police executed the search of [Hailey's] vehicle and found amongst other items, a handgun and ammunition as well as marijuana. [Hailey's] criminal history indicates that he is a convicted felon, not to possess a firearm. Bills of Information were filed and finalized on January 5, 2018 charging the following six counts against [Hailey]:

1. Firearms not to be carried without a license-Felony 3rd Degree
2. Persons not to possess, use, manufacture, control, sell or transfer firearms-Felony 2nd Degree

3. Controlled Substance/Possession-Misdemeanor
4. Drug Paraphernalia-Misdemeanor 2
5. Persons not to possess, use, manufacture control, sell or transfer firearms-Misdemeanor 1st Degree
6. Controlled Substance/Possession with intent to manufacture/deliver-Felony

On September 18, 2018, [Hailey] entered into a negotiated guilty plea agreement to the charge under 6105(a)(1) of the Pennsylvania Criminal Code: Persons not to possess a firearm, graded as a felony of the second degree. … In exchange for this plea, the Commonwealth agreed to move for entry of *nolle prosequi* on the five remaining counts.

(Trial Court Opinion, 6/08/20, at 1-3).

At the guilty plea hearing, the court conducted a thorough colloquy that affirmatively demonstrated that Hailey understood what the plea connotated and its consequences. (**See** N.T. Guilty Plea, 9/18/18, at 6); **see Commonwealth v. Willis**, 68 A.3d 997, 1002 (Pa. 2013) ("With regard to the voluntariness of a plea, a guilty plea colloquy must affirmatively demonstrate the defendant understood what the plea connoted and its consequences.") (internal quotation marks and citation omitted).[2] Counsel explained the standard range sentence for Persons not to Possess was not less than four nor more than five years' incarceration and that the sentence to which he and the Commonwealth agreed was below the mitigated range. He testified that he was satisfied with trial counsel's representation and that no one had threatened, coerced or promised him anything in exchange for the

---

[2] Hailey does not challenge the guilty plea colloquy.

- 3 -

plea. Hailey admitted to the recitation of facts and evidence provided by the assistant district attorney. He also took the opportunity to apologize to his mother for putting her through this again and told her he hoped this was the last time. The written guilty colloquy form signed by Hailey reflected the same answers he supplied to the trial court on the record. It also apprised him that the only four grounds for appeal were that the guilty plea was not knowing, voluntary and intelligent; the court lacked jurisdiction; legality of sentence; and ineffective assistance of counsel. In all other respects it mirrored the information supplied to him at the guilty plea hearing. (**See** Written Guilty Plea Colloquy, 9/18/18, at 2-8).

The trial court accepted the guilty plea and sentenced Hailey to a term of imprisonment of not less than two nor more than five years[3] on the charge of persons not to possess a firearm pursuant to the agreement's terms.

Hailey filed a timely first PCRA petition *pro se* on September 11, 2019, in which he maintained that trial counsel was ineffective for advising him to enter a guilty plea instead of filing a motion to suppress challenging the suspect's identification, probable cause and the illegal search and seizure of his vehicle without a warrant. (**See** *Pro Se* PCRA Petition, 9/11/19, at 4, 11)

---

[3] Based on the sentencing guideline form prepared by the Commonwealth for Hailey, the standard range for the charge to which he pled guilty is forty-eight to sixty months, with an aggravated/mitigated range of plus or minus twelve months. (**See** N.T. Guilty Plea, at 4).

(page number provided). The petition also claimed ineffective assistance of trial counsel for failing to challenge the police description. (*See id.* at 4). He argued that "the police officer reported that the suspect that he was pursuing was 6'1" and 180 lbs, when [Hailey] at the time was 285 lbs and 6'2"…." (*Id.* at 11) (page number provided). He maintained that "along with not matching the police description, a DNA report shows that [he] never possessed the firearm in question[,]" and that "[e]ven with the evidence not pointing to the [Hailey], counsel still advised [him] to take a plea bargain." (*See id.*).

Appointed counsel filed a petition for permission to withdraw as counsel and a *Turner*/*Finley* "no merit" letter on January 16, 2020, in which he maintained that after his independent review, it was his considered opinion that the issues raised by Hailey in his PCRA petition lacked merit and there were no other arguably meritorious issues. He apprised Hailey that his petition fails because he acknowledged under oath that he understood what he was doing in entering the guilty plea, no promises or threats had been made to him, and that he understood what rights he forfeited by pleading guilty. (*See Turner*/*Finley* Letter, 1/14/20, at 2). He advised that the place to challenge the evidence of his identification was at trial, and that he was apprised in his written guilty plea colloquies that by pleading guilty, he was waiving his right to challenge anything except (1) the voluntariness of the plea, (2) the court's jurisdiction, (3) the legality of sentence, and (4) his attorney's effectiveness. (*See id.* at 3). He explained that:

[Trial Counsel] cannot be ineffective for failing to cross-examine witnesses at your trial, where you elected to waive your right to a trial and plead guilty.…

While I understand your issue with respect to your height and weight versus the police description-and such an issue is fertile ground for cross-examination–[trial counsel's] advice was within "the range of competence" of a criminal defense attorney. First, the firearm was found within your car. Second, Corporal North believed he saw you driving the car. Third, your vehicle was observed by Corporal North in front of your home address. Finally, the sentence [trial counsel] negotiated for you was below the standard sentencing guidelines. Under these circumstances, [trial counsel] provided competent advice to you, even if you now regret having entered the plea.

The record supports the determination that your plea was knowing, intelligent, and voluntary. In the guilty plea colloquy, you indicated what rights you gave up by pleading guilty. (***See*** N.T. Guilty Plea, at 6; Written Guilty Plea Colloquy, at 5). You indicated no one forced, threatened, or coerced you into pleading guilty. (***See id.***). You also indicated that the decision was of your free will. (***Id.***).

With respect to the issue you raised when we spoke about a county detective coming to see you about your complaints regarding prison staff, that issue is also without merit. While that issue could bear on the voluntariness of your decision to pursue claims against the prison or continue in complaints to the prison regarding your rights under [the Prison Rape Elimination Act (PREA)], any statements made to you could not have coerced you into pleading guilty. In fact, notwithstanding that conversation, you were prepared to go to trial. Any conversations with prison staff or a county detective cannot, under these circumstances, bear on the voluntariness of your plea.

(***Id.***) (citations omitted).

On January 22, 2020, after reviewing the ***Turner***/***Finley*** letter and conducting its own independent review, the court issued a Rule 907 notice of its intention to dismiss the petition without a hearing and permitted counsel

to withdraw. Hailey filed *pro se* responses[4] in which he maintained that his central claim was that trial counsel was ineffective for advising him to enter a guilty plea instead of filing a motion to suppress "evidence of his guilt." (Response to Rule 907 Notice, 2/03/20, at 2); (*see id.* at 1-2). Specifically, he claimed that his DNA was not on the recovered firearm, his phone records reveal that he called the Norristown Police Department on the night of the incident to report his vehicle stolen and the description contained in the police report of the guilty individual did not look like him. (*See id.* at 1-2). He also stated that his plea was not knowing or voluntary because a detective threatened that if he did not stop filing PREA complaints alleging abuse by a corrections officer, there would be no deal on the pending criminal case. (*See id.*). He did not claim the ineffective assistance of PCRA counsel in any way.

On March 3, 2020, the court dismissed the PCRA petition. Hailey timely appealed. He was not ordered to file a Rule 1925(b) statement but the PCRA court filed an opinion. *See* Pa.R.A.P. 1925.

On appeal,[5] Hailey raises two issues for our review:

_____

[4] Hailey filed *pro se* responses on February 3, 2020, and February 5, 2020.

[5] "[A]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record and reviews its conclusions of law to determine whether they are free from legal error. The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." ***Commonwealth v. Charleston***, 94 A.3d 1012, 1018-19 (Pa. Super. 2014), *appeal denied*, 104 A.3d 523 (Pa. 2014) (citations omitted).

- 7 -

I. Whether PCRA counsel rendered ineffective [assistance] by filing a [*Turner*/*Finley*] no-merit letter where there existed meritorious issue(s)[;]

II. Whether [his] recent discovery of newly-discovered facts require a remand for an evidentiary hearing[.]

(Hailey's Brief, at 3, 8).

**II.**

**A.**

Hailey maintains that PCRA counsel was ineffective for filing a *Turner*/*Finley* letter because he raised meritorious issues of trial counsel's ineffectiveness. The crux of his claim is that, had trial counsel filed a motion to suppress the evidence that led to his identification, the search of his vehicle and his arrest instead of advising him to enter a guilty plea, the outcome of the proceedings would have been different. (*See* Hailey's Brief, at 7). From what we can determine from his rather inartful brief, Hailey is claiming that if PCRA counsel had done a more thorough investigation, he would have understood that trial counsel should not have advised him to enter a plea because there were telephone records showing he called the Norristown Police Department three times to report his car stolen, DNA evidence did not inculpate him and a detective told him the district attorney was going to "bury him" if he filed another PREA complaint. (*See id.* at 6-7).

**1.**

We first note that "one is bound by one's statements made during a plea colloquy, and may not successfully assert claims that contradict such

statements." ***Commonwealth v. Muhammed***, 794 A.2d 378, 384 (Pa. Super. 2002). Here, Hailey affirmed at his guilty plea colloquy that he was satisfied with counsel's representation and that he wanted to plead guilty. On this basis alone, Hailey is not entitled to relief on either his challenge to trial counsel's alleged ineffective assistance in declining to pursue a suppression motion and advising him to plead guilty or for his allegation that PCRA counsel was ineffective for acknowledging same. ***See Muhammed***, ***supra*** at 384 (concluding appellant was precluded from raising claim that attorney forced him into pleading guilty where he represented to the court during his guilty plea colloquy that he was satisfied with counsel's representation).

Moreover, for the reasons discussed below, even if Hailey were not precluded from challenging the validity of his plea based on counsel's representation, the claim would lack merit.

**2.**

In addressing an ineffectiveness assistance of counsel claim, we are guided by the following legal principles. We presume counsel is effective and an appellant bears the burden to prove otherwise. ***See Commonwealth v. Hanible***, 30 A.3d 426, 439 (Pa. 2011), *cert. denied*, 568 U.S. 1091 (2013). To succeed on an ineffectiveness claim, he must establish by a preponderance of the evidence that:

> (1) [the] underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and (3) but

for counsel's ineffectiveness, there is a reasonable probability that the outcome of the proceedings would have been different.

*Commonwealth v. Ali*, 10 A.3d 282, 291 (Pa. 2010).  The failure to satisfy any prong of the test requires rejection of the claim.  *See Commonwealth v. Martin*, 5 A.3d 177, 183 (Pa. 2010), *cert. denied*, 563 U.S. 1035 (2011).

A criminal defendant has the right to effective counsel during a plea process as well as during a trial.  Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea.  Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

*Commonwealth v. Hickman*, 799 A.2d 136, 141 (Pa. Super. 2002) (citations and quotation marks omitted).  "In determining whether a guilty plea was entered knowingly and intelligently, a reviewing court must review all of the circumstances surrounding the entry of that plea."  *Commonwealth v. Allen*, 732 A.2d 582, 587 (Pa. 1999).  "[T]he decision to litigate, or not litigate, suppression motions is left to counsel in the exercise of his or her professional judgment.  Strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable."  *Commonwealth v. Johnson*, 179 A.3d 1153, 1160 (Pa. Super. 2018) (citations omitted); *see id.* at 1160-61 (finding trial counsel provided effective assistance when she advised client to accept guilty plea instead of further pursuing previously filed suppression motion where she had reasonable strategic basis "designed to effectuate Appellant's interests").

**3.**

Here, the PCRA court found that despite the height and weight discrepancy in the criminal complaint, there was a substantial basis to conclude that probable cause existed to support the search warrant for Hailey's vehicle, which resulted in the recovery of the evidence used against him at trial. (*See* PCRA Ct. Op., at 6-7). The affidavit of probable cause included Corporal North's eyewitness identification of Hailey as the driver of the red Buick, his observation of Hailey fleeing the scene when the officer approached the vehicle, and confirmation that the vehicle, which was parked outside his home, was registered to him. A K-9 sniff of the car indicated the presence of narcotics. Hailey had a criminal history of drug and weapons violations and a confidential informant who had worked with the Norristown Police Department previously advised that Hailey owned the red Buick and possessed a handgun.

Based on all the foregoing, the PCRA court concluded, and we agree, that "the Norristown Police provided the magistrate with a substantial basis to conclude probable cause existed for the issuance of a search warrant." (PCRA Ct. Op., at 6); *see also Commonwealth v. Torres*, 764 A.2d 532, 537-38 (Pa. 2001) (totality of the circumstances is considered in "common sense, non-technical manner" when determining if police had probable cause); *Commonwealth v. Luv*, 735 A.2d 87, 90 (Pa. 1999) (informant's tip may constitute probable cause when he has provided reliable information in the

past).  Hence, even if trial counsel had filed a motion to suppress the search warrant, it would have lacked merit and the outcome of the proceedings would not have been any different.

Moreover, counsel's advice to enter the negotiated guilty plea rather than pursue the suppression motion based on inconsistencies in the identification, the inconclusive DNA evidence and Hailey's claim that he reported his car stolen on the evening of the incident, was reasonably designed to effectuate Hailey's interests.  Hailey faced six charges had he gone to trial.  His counsel negotiated a plea wherein the Commonwealth withdrew five of the charges and agreed to a sentence below even the mitigated range for possession of a firearm prohibited.  Therefore, counsel had a reasonable strategic basis "designed to effectuate [Hailey's] interests" for not pursuing a motion to suppress.  ***Johnson***, ***supra*** at 1161 (citation omitted).

**4.**

Next, Hailey claims that PCRA counsel was ineffective in filing a ***Turner***/***Finley*** letter because, had he done further investigation, he would have discovered the "questionable affidavit of probable cause," telephone records that reveal he called the Norristown Police Department three times to report his car stolen, and the DNA report that reflected his DNA was not identified on the weapon.  (Hailey's Brief, at 5-7).

First, the claims of PCRA counsel's ineffectiveness are waived because Hailey failed to raise the issue in his *pro se* response to the Rule 907 notice.

*See Commonwealth v. Ford*, 44 A.3d 1190, 1198 (Pa. Super. 2012) (waiving appellant's claim of PCRA counsel ineffectiveness raised for the first time on appeal because "when counsel files a *Turner/Finley* no-merit letter to the PCRA court, a petitioner must allege any claims of ineffectiveness of PCRA counsel in a response to the court's notice of intent to dismiss.") (citation omitted).

Moreover, the claim would not merit relief. At the time he advised Hailey to enter a guilty plea, trial counsel was aware of the affidavit, DNA records and Hailey's claim that his car was stolen on the evening of the incident. Thus, because we already found that trial counsel was not ineffective for advising Hailey to enter a guilty plea instead of pursuing a motion to suppress, PCRA counsel will not be found ineffective on this basis. *See Commonwealth v. Rykard*, 55 A.3d 1177, 1190 (Pa. Super. 2012), *appeal denied*, 64 A.3d 631 (Pa. 2013) (If trial "attorney was effective, then subsequent counsel cannot be deemed ineffective for failing to raise the underlying issue.").[6]

_____

[6] We also note that Hailey's claim that PCRA counsel was ineffective because he found Hailey's allegation regarding threats to stop filing PREA complaints did not render his guilty plea involuntary likewise fails. First, at the guilty plea hearing, Hailey expressly testified that he was not threatened or coerced into entering the plea. Furthermore, he did not raise any allegation that his plea was coerced in his PCRA petition. For both reasons, he is not entitled to relief on this allegation. Moreover, as noted by PCRA counsel, the alleged threat to stop filing PREA complaints or else his plea deal would be revoked and he would be "buried" goes to whether any decision not to file further complaints would be coerced, not to whether he voluntarily entered the guilty plea.

**B.**

Hailey's second issue is merely an alternate argument in support of his claim that counsel rendered ineffective assistance in advising him to enter a guilty plea, and that PCRA counsel is ineffective for concluding that trial counsel provided reasonable advice; ignoring the fact that he admitted to and apologized for possessing the prohibited firearm. Specifically, he maintains that he is qualified for relief under the "newly-discovered fact exception to the PCRA time limitations" and that counsel was ineffective for not discovering these facts sooner and instead advising him to plead guilty. (*See* Hailey's Brief, at 8-9). Hailey alleges that in July 2020, he asked his father if there were cell phone records for August 27, 2017, the night Corporal North observed him driving the Buick. He believed they would provide evidence that he had called the Norristown Police Department that evening to report his car stolen and that, therefore, he could not have been the one driving and in possession of the firearm. (*See* Hailey's Brief, at 8). He avers that he told trial counsel that he had called the police that night and that the phone records, coupled with the lack of DNA on the firearm, "tends to prove that [he] did not commit the crimes in question." (*See id.*). Thus, he argues, counsel rendered ineffective assistance when he failed to discover these phone records sooner and instead advised him to plead guilty.

> [T]he newly-discovered facts exception to the time limitations of the PCRA, as set forth in subsection 9545(b)(1)(ii), is distinct from the after-discovered evidence basis for relief delineated in 42 Pa.C.S. § 9543(a)(2). To qualify for an exception to the PCRA's

- 14 -

time limitations under subsection 9545(b)(1)(ii), a petitioner need only establish that the facts upon which the claim is based were unknown to him and could not have been ascertained by the exercise of due diligence. However, where a petition is otherwise timely, to prevail on an after-discovered evidence claim for relief under subsection 9543(a)(2)(vi), a petitioner must prove that (1) the exculpatory evidence has been discovered after trial and could not have been obtained at or prior to trial through reasonable diligence; (2) the evidence is not cumulative; (3) it is not being used solely to impeach credibility; and (4) it would likely compel a different verdict.

***Commonwealth v. Burton***, 158 A.3d 618, 629 (Pa. 2017) (citation omitted).

We note first that Hailey's petition was not untimely because it was filed within one year of the date on which his judgment of sentence became final. ***See*** 42 Pa.C.S. § 9545(b)(1) making his reliance on the newly-discovered facts exception to the PCRA timeliness requirements misplaced. Moreover, he is not entitled to relief under the after-discovered evidence theory because he provides no explanation for why he could not have discovered this evidence before he pleaded guilty since they were records from his own cell phone.

Finally, as stated previously, the notes of testimony evidence establish that Hailey admitted to the facts underpinning his arrest and that he was pleading guilty of his own free will. Further, trial counsel had a reasonable basis for recommending Hailey enter a guilty plea where the Commonwealth *nolle prossed* most of the charges against him and he was sentenced well below the standard guideline range. For all of these reasons, Hailey is not entitled to relief under a theory of either newly-discovered facts or after-discovered evidence to set aside his guilty plea.

- 15 -

Accordingly, we conclude that the record supports PCRA counsel's withdrawal and the PCRA court's denial of the petition where "counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Hickman*, *supra* at 141 (citations omitted); *see also Charleston*, *supra* at 1018-19. Hailey's claims lack merit.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/19/21